CHARLES W. TROTTER, appellant,

*v.*

THE LEHIGH ZINC AND IRON CO., LIMITED, respondents.

Pending a litigation between the parties over a contract for the working of a mine, the moneys arising therefrom, and due the appellant, were, on respondent's application, and on the ground that appellant is insolvent and a non-resident, paid into court to await the determination of respondents' claim thereon for damages. While this question of damages was pending, a creditor of the appellant attached the moneys in the hands of the clerk of the court.—*Held*, that appellant's interest is attachable, and that the court would aid the attaching creditor by retaining the moneys until he had had an opportunity to obtain a judgment against the appellant in the attachment proceedings.

On appeal from an order advised by Vice-Chancellor Bird, who filed the following conclusions :

There was a contract between the complainant and Heckscher, which the latter assigned to the above-named company. By such contract Trotter agreed to mine and furnish ores containing a certain quantity of the oxide of zinc at prices stipulated. The bill in this case was filed to determine the rights of the parties with respect to certain disputed points under the contract.

At the beginning of the controversy, a manager was appointed, under whose direction the mine has been wrought, and the ores

Trotter v. Lehigh Zinc and Iron Co.

shipped to the company. Under a claim for damages set up in the answer and cross-bill of the defendants, and upon the insistment that Trotter was a non-resident of the state, and also insolvent, the whole consideration-money due for ores, delivered from time to time, less $3,000 (which was applied to the working of the mine), was ordered to be paid into court as it became due, so that in case the defendants should establish a right in this court to set off any claim which they might have for damages, they could have this particular fund to satisfy such set-off in case there should be any decree of a pecuniary nature in favor of the complainant. This court decided that the defendant had not the right to make such set-off; but, as it was a matter of great importance to both parties, an order was made directing the retention of the moneys in this court until the questions involved should be determined on appeal, in case an appeal should be taken to the court of last resort. There was an appeal, and the appellate tribunal also held that the defendants were not entitled to such set-off.

By this time the amount of money paid into court exceeded $50,000. Heckscher, claiming to have a right of action against Trotter, and Trotter still residing out of this state, procured an attachment to be issued out of the supreme court of this state against Trotter, which was served by levying upon all the goods and chattels of Trotter, and also upon whatever rights and credits he might have in these moneys so deposited with the clerk of this court.

Now Heckscher comes, by his petition, and asks the aid of this court in the premises. He states the case, and prays that the moneys so attached may be retained in this court to be applied to the satisfaction of any judgment which he may obtain against Trotter under his proceedings in attachment.

Trotter resists, and insists that these moneys cannot be attached, nor any right or interest of his therein. This is placed upon the ground that the money is in the custody of the law, awaiting the execution of the law. The law upon this subject is well settled in New Jersey. There is no judgment to be enforced in this case. The money was paid into court or to the clerk as the money of

Trotter; and it has been retained there ever since as his money This being so, I think there is no doubt but that the rights and interests of Trotter therein are subject to attachment. A reference to the authorities will suffice: *Conover* v. *Ruckman,* *6 Stew. Eq. 303,* in which all the cases in New Jersey are reviewed and commented upon by the court of errors and appeals. See, also, further and apt illustrations of the doctrine pronounced in the above case, in the cases of *Wehle* v. *Conner, 83 N. Y. 231; Dunlop* v. *Patterson Fire Insurance Co., 74 N. Y. 145.*

I will advise an order in accordance with the prayer of the petition; but subject, however, to the rights and equities of the parties to the original suit.

*Messrs. C. & R. Wayne Parker,* for appellant.

*Mr. C. D. Thompson* and *Mr. H. C. Pitney,* for respondents.

PER CURIAM.

This order unanimously affirmed, for the reasons given by the vice-chancellor in the foregoing conclusions.