WILLIAM T. McADAMS, PLAINTIFF IN ERROR, v. EDWARD MUNDY.

———

EDWARD ROGERS, DEFENDANT IN ERROR, v. EDWARD MUNDY.

Submitted March 21, 1910—Decided June 20, 1910.

1. An order of the Circuit Court, settling the priority of two writs of execution against the same defendant, and directing the proceeds of the sheriff's sale to be paid to one execution creditor in preference to the other, is reviewable by writ of error from this court.

2. Under the act respecting executions (*Gen. Stat.*, p. 1418, §§ 18, 19) the levy when actually made relates back to the time of delivery of the writ to the sheriff, provided the levy is made while the writ is still alive and before the return day.

———

On error to the Middlesex Circuit Court, where the case was heard before Mr. Justice Swayze, who delivered the following opinion:

This is a contest between two judgment creditors, both of whom claim priority of payment out of the proceeds of land sold under execution.

The Rogers writ was first delivered to the sheriff. Both writs were returnable on the third Tuesday of September, 1906. The Rogers writ was delivered to the sheriff on August 28th, and the McAdams writ on August 29th.

The sheriff had not attached any levy upon the land to the writ on August 31st, and on that day, at the request of the attorney for McAdams, a levy on the land subsequently sold was attached to the McAdams execution, and subsequently a similar levy was attached to the Rogers execution. The information was furnished to the sheriff by the attorney for McAdams. The contention on the part of McAdams is that a levy takes effect from the time it is actually attached to the writ of execution.

This, in my judgment, is an erroneous view.

The statute (*Gen. Stat., p.* 1414) contains no direction by which the time of attaching the levy is to be actually fixed. It does, however, provide for an endorsement upon the writs of the time when the sheriff received the same, and this is expressly said to be for the purpose of ascertaining the priority and preference. Section 18 directs as to writs against personal property, that that which was first delivered shall be first executed and satisfied; and section 19, as to writs against real estate, directs that a similar priority and preference shall be given to such writs. This being the duty of the sheriff, it is quite evident that, in the contemplation of the statute, the levies when actually made have relation back to the time of delivery of the writ to the sheriff, provided, of course, the levies were made, as they were in this case, while the writs are still alive, and before the return day. The mere time of performance of the mechanical act of writing out a levy, and attaching it to the writ, is of no moment.

This view is the same which was taken by Mr. Justice Depue in *Bates v. Bachman,* 2 *N. J. L. J.* 155.

The result is that the money in the hands of the sheriff should be paid to DeWitt Rogers.

For the plaintiff in error, *George S. Silzer.*

For the defendant in error, *Theodore Strong.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. The order of the Middlesex Circuit Court, which settles the priority of two writs of execution against the same defendant, and directs the proceeds of the sale made by the sheriff to be paid to one of the execution creditors in preference to the other, is reviewable by writ of error out of this court. *Woodruff* v. *Chapin,* 3 *Zab.* 555; *Eames* v. *Stiles,* 2 *Vroom* 490; *Defiance Fruit Co.* v. *Fox,* 47 *Id.* 482.

It is suggested that because the first execution was issued out of the Middlesex Common Pleas, and the second out of the

Circuit Court, the latter court had no jurisdiction to determine the disposition of the proceeds of the property sold. *Woodruff* v. *Chapin*, 3 *Zab.* 566, 575; *Heinselt* v. *Smith*, 5 *Vroom* 215. But no such question seems to have been stirred in the court below; nor is the question of jurisdiction raised by any of the assignments of error. We therefore do not pass upon it.

The order under review should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Swayze in the court below.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Trenchard, Parker, Bergen, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, Congdon, JJ. 13.

*For reversal*—None.