STIVALY BROTHERS, PROSECUTORS, v. AUGUSTA BARTOLOZZO, RESPONDENT.

Submitted October term, 1930—Decided January 20, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutors, *Ernest F. Keer, Jr.*

For the respondent, *Frank G. Masini.*

Per Curiam.

This writ brings up for review the findings against the prosecutors under a rule to show cause in garnishee proceedings under *Pamph. L.* 1924, *p.* 429.

On April 2d, 1929, the respondent, being the plaintiff in an action in a District Court against Frank Gramo, obtained judgment against him for $95 and interest and costs of suit. Subsequently an execution was issued and thereafter an alias writ.

Thereafter a rule to show cause was allowed directed to prosecutors, Stivaly Brothers, requiring them to show cause why they should not pay the amount of a certain debt said to be due and owing from them to the judgment debtor, Gramo, for and toward the satisfaction of such judgment.

Upon the return to such rule the matter was heard and determined by the judge of the District Court upon two affidavits; one by Angelo Stivaly, one of the prosecutors, in which the existence of a debt from Stivaly Brothers to Gramo was positively and unequivocally denied; and the other by Martin H. Feldman, who served the rule to show cause, wherein he says that when he went to the place of business of Stivaly Brothers for that purpose he made inquiry of them as to a debt due from them to Gramo in the sum of $150 and they admitted it was due and owing. Thereupon and thereon the judge of the District Court made the order under review, dated February 21st, 1930, requiring the prosecutors, Stivaly Brothers to pay the debt said to be owing by them, or so much thereof as should be necessary to satisfy the execution, to the constable, forthwith in one payment. Because of refusal, or default, in payment under such order a rule issued to the prosecutors to show cause why they should not be adjudged in contempt.

We conclude that the order of February 21st, 1930, here under review, must be set aside upon the ground that under the proofs submitted it is not justified by the statute. The applicable portion of *Pamph. L.* 1924, *supra,* is section 9, and it is as follows:

"After levy shall have been made under this act upon any debt due or accruing from a third person [herein called the garnishee] to the judgment debtor, the court may make an order upon such garnishee and the judgment debtor to show cause why the said debt [to an amount not exceeding the sum necessary to satisfy said execution] should not be paid to the officer holding the execution, or to the receiver. Upon return of the order to show cause, or at any time to which the hearing may be continued, an order may be made requiring the garnishee to pay said debt, *if he admits it*, to the officer holding the execution, or to the receiver * * *."

From the brief of the respondent it appears that the trial judge construed this to mean that he was legally justified in making the order if he believed, from the affidavit of the officer, that the garnishee had admitted the debt in question to him, notwithstanding the emphatic denial thereof by the affidavit of the garnishee presented upon the return to the rule to show cause. The words "to the officer holding the execution" following the words "if he admits it" will not and do not permit the construction so placed thereon by the court below. The undoubted meaning of this section is that such an order as that in question can be made, and made only, if upon the return of the rule, or at such time as the hearing thereon is continued, *the garnishee admits* the alleged debt to be due from him to the judgment debtor, or, what is tantamount thereto, does not deny it or stands without answer upon that question at the hearing under the rule. Sections 5 and 7, of the same statute, provide, under other circumstances, for the liquidating and collecting of such rights and credits by the officer holding the execution, or the receiver, if one has been appointed.

Any other construction of section 9, *supra*, would place it in great jeopardy as a piece of warranted and justified legislation.

The order under review is therefore set aside, with costs.