ABRAHAM RASNER AND ABRAHAM AGIN, PROSECUTORS, v. LEO S. CARNEY, JUDGE OF SECOND JUDICIAL DISTRICT COURT OF HUDSON COUNTY, ET AL., RESPONDENTS.

Argued May 6, 1931—Decided January 23, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the prosecutors, *Nathan Baker*.

For the respondents, *Harry Weltchek*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. In September, 1930, the Goerke-Kirsch Company recovered a judgment in replevin against Mamie Rasner and others in the District Court of the Second Judicial District of Hudson county. By that judgment the plaintiff was awarded possession of the goods and chattels set forth in the writ and state of demand, or, in the alternative, $350 damages. The plaintiff also was awarded $25 as costs. It elected to accept the award of damages instead of possession of the goods and chattels, and an execution was thereupon issued to one Philburn, a constable of the District Court, directing a levy to be made by him upon the property of the defendants. The constable duly returned the writ, with a levy annexed, stating that, pursuant to the mandate thereof, he had levied on certain rents due to the defendant Mamie Rasner from tenants occupying premises of which she was the owner. The return contained a statement of the names of the various tenants from whom

the attached rents were due, and was made on the 3d of February, 1931. On March 11th of that year an order was granted to the plaintiff directing the various tenants whose rents had been attached to show cause why these rents should not be turned over to the plaintiff or to the constable having the execution against the same, and a copy thereof was duly served upon each of the tenants. None of these tenants appeared at the hearing had on the return of the order of the District Court, and, at its conclusion, the court entered an order absolute requiring the various tenants whose rents had been levied upon to turn over all of such rents to the constable holding the execution, so as to satisfy the judgment entered in favor of the plaintiff. One of the tenants, Abraham Agin, and Abraham Rasner, a brother of Mamie, who was present at the hearing, and who there claimed that he, and not his sister, was entitled to the rents, thereupon applied for and obtained the present writ of *certiorari* to test the validity of this order.

The first point made on the argument had before us on the return of the writ is that the order is illegal, for the reason that, at the time the rents were levied upon by the constable, the judgment debtor, Mamie Rasner, was not entitled thereto, because she was not then the owner of or the lessor of the premises occupied by the several tenants whose rents had been attached, her brother, Abraham, then being such lessor. The judge of the District Court found against this contention, and there was evidence supporting his conclusion. We find nothing in the record sent up with the writ which would justify us in declaring that the conclusion of the District Court upon this feature of the case was erroneous, and, consequently, we consider this contention to be without merit.

The next contention is that the District Court was without jurisdiction to make the order absolute, its action not being within the scope of section 9 of the supplement of 1924 to the act concerning District Courts. *Pamph. L., p.* 430. That section provides that, after levy shall have been made upon any debt due from a third person to the judgment debtor, the court may make an order upon such garnishee and the

judgment debtor to show cause why the said debt to ar amount not exceeding the sum necessary to satisfy the execu· tion should not be paid to the officer holding the same; and upon the hearing had on the return of the order to show cause, may require the garnishee to pay said debt, if he admits it, to the officer holding the execution. The basis of coun- sel's argument in support of this contention is that under the statutory provision referred to the District Court is with- out power to make the rule absolute as against any one of the tenants who has not admitted that he owed rent to his lessor, and that no such admission was made in the present case by any of the tenants. The return to the present writ shows that the District Court, in granting the rule absolute, did not violate this statutory provision. As heretofore stated, it appears therefrom that the rents due from each garnishee were attached by the constable; that each one of them was served with notice of the order to show cause; and that none of them appeared upon the return thereof. In the case of *Stivaly Bros.* v. *Bartolozzo,* 153 *Atl. Rep.* 266; 9 *N. J. Mis. R.* 143, this court held that the words "if he admits it" do not per- mit the construction contended for in that case, which was the same as that now made by counsel for the prosecutors, stating that the undoubted meaning of the statutory provision is that such an order can be made if, upon the return thereof, the gar- nishee admits the alleged debt to be due from him to the judgment debtor, or, what is tantamount thereto, if he does not deny it or stands without answer upon that question at the hearing. In the present case not one of the garnishees denied the existence of the debt, and the failure to deny it is, under the principle declared in the case cited, tantamount to an admission of its existence.

It is lastly contended that the order was without legal jus- tification because the statutory provision only permits the constable to collect on the execution, from the several gar- nishees, a sufficient sum to satisfy the writ; and it is con- ceded that in the present case the total amount of rents at- tached by the constable approximated $700, whereas the judg- ment in favor of the plaintiff company was $350, together

with costs taxed at $25. We think that this contention is well founded, and that to the extent indicated the order was invalid. This being so, the rule to show cause, so far as it requires the payment of a sum in excess of the judgment and costs, will be set aside; but will be held valid to the extent that it requires the tenants to pay over such percentage of the rents due from them respectively as will satisfy the judgment of the Goerke-Kirsch Company.