The complainant, a corporation of New Jersey, seeks reformation of a written contract between it and the defendant, a corporation of the State of California. The latter corporation is not authorized to do business within this state.
An order to show cause was granted directing that the real and personal property of the defendant within this state be sequestered, and the defendant was temporarily restrained from prosecuting a replevin suit in the Hudson County Circuit Court. In the law action, the complainant herein is defendant, and this defendant is plaintiff. The above order also directed service of a copy of the bill filed herein and of *Page 331 
the said order, be made "upon the defendant corporation by serving its attorney of record in proceedings now pending in the Hudson County Circuit Court." Accordingly, service was made on George T. Tennant, Jr., as attorney of record for the defendant in the Circuit Court action. The defendant appears specially by leave of the court; and it has given notice of motion to dissolve the restraints heretofore issued; it alleges lack of jurisdiction.
The replevin action instituted in the Circuit Court sought the recovery of certain merchandise belonging to the Central Winery, Inc., and stored in the warehouse of the complainant herein. A replevin bond was given and the goods involved were delivered to the Central Winery, Inc., An answer was filed which the Central Winery, Inc., moved to strike, and before the motion was argued before the Circuit Court, the restraint was issued as mentioned.
In questioning this court's jurisdiction the defendant urges that it is not authorized to do business in this state, has no assets here, and no agent upon whom process may be served. It maintains that the complainant's action is one in personam, and since it has no assets here which could be seized in order to give effect to the relief which the complainant demands, that service by publication against it, as an absent defendant, would be ineffective.
The complainant takes issue with the defendant's contentions and asserts that the action of replevin in the Hudson County Circuit Court is an asset and that the bond given likewise is an asset. I agree with the complainant and believe those assets may be sequestered.
An action of replevin is an action in rem; it relates to the taking of particular property or particular things. In the instant case the goods involved are 1,974 cases of wine having a value of $12,000. The complainant argues that if the bill herein had been filed before the replevin action was instituted at law, this court could have taken jurisdiction by appointing a sequestrator to take possession of the wines. The said law proceeding is a chose in action — an asset that may be assigned.Bispham Equity (6th ed.) Ch. VIII, §§ 164, 166. *Page 332 
And since replevin proceedings have been instituted and the Central Winery, Inc., furnished the sheriff with a bond in accordance with the statute in the sum of $24,000, and was given possession of the wines, or chattels, which have been moved outside of the state, the bond is a substituted asset for the chattels, which can be sequestered by an order of this court to insure the appearance of the defendant, and to insure that it will answer the bill of complaint filed herein. R.S. 2:73-12.
The condition of the bond is that:
"Now, therefore, if the said Central Winery, Inc., shall prosecute the said cause with effect and without delay, and shall duly return the said goods and chattels in case a return shall be awarded, then this obligation to be void; otherwise to remain in full force and virtue."
The bond, if forfeited, would constitute a cause of action and consequently is an attachable asset. It is argued that the bond is not in custodia legis, and is therefore not attachable.
While it has been held in this state a judgment or decree is not attachable, yet the interest of the defendant in the property in the hands of the sheriff is attachable. Hoffman v. Kahn,119 N.J. Eq. 171; 181 Atl. Rep. 527; Trotter v. Lehigh Zinc andIron Co., 42 N.J. Eq. 456; 11 Atl. Rep. 25.
The question is raised that while the defendant Central Winery, Inc., has submitted itself to the jurisdiction of the law courts, to wit, the Circuit Court of Hudson County, it did not ipsofacto submit itself to the jurisdiction of any other court in this state. I do not concede the logic of that argument.
Vice-Chancellor Bigelow in the case of Englander v. Jacoby,132 N.J. Eq. 336; 28 Atl. Rep. 2d 292, discusses the application of this principle. He, among other things, says:
"There is another side to the case. The bill sets forth, as I have already mentioned, that Jacoby recovered judgment in the Essex Circuit Court against complainant. From the judgment, complainant appealed to the Supreme Court and filed a bond to secure payment of the judgment in the event *Page 333 
of affirmance. The judgment was affirmed and Jacoby has begun an action in the Circuit Court against the surety on the bond. Complainant, on sundry grounds, prays that Jacoby be restrained from proceeding with execution on the judgment against complainant, or with further prosecution of his suit against the surety, until he has exhausted his remedies against Jacob Englander. Such relief is a remedy in personam."
And:
"The federal courts have developed the rule that when a court has acquired jurisdiction over the person of a litigant, either plaintiff or defendant, and thereafter an ancillary suit or proceeding is instituted against him, constructive service of process is sufficient because jurisdiction obtained in the original action supports the jurisdiction in the ancillary one. Within the meaning of this rule, a suit to enjoin prosecution of an action or execution of a judgment is ancillary. Dunn v.Clarke, 8 Pet. 1; 8 L.Ed. 845; Higgins v. California, c.,Growers (2 Cir.), 282 F. 550; 30 C.J.S. Equity 627 § 175. A party who appears in a cause submits himself to its jurisdiction in respect to those outreaches of the case which are reasonably to be anticipated."
Also:
"If our New Jersey Circuit Courts had both law and equity jurisdiction, and the suit which is before me were pending in the Essex Circuit Court, the analogy would be complete. But inasmuch as we have separate courts of law and equity, complainant, of necessity, came into Chancery. I do not regard this distinction as vital. When Jacoby applied to the Circuit Court for aid, he submitted himself to the jurisdiction of the judicial department of the state, in respect to the cause of action alleged in his complaint — to the jurisdiction not only of the Circuit Court, but of the Supreme Court, on appeal, and also of the Court of Chancery in the event equitable grounds exist for interfering with the proceeding in the law court. He may be brought into Chancery without personal service of process. Our system ofseparate tribunals of law and equity does not lessen the power ofthe state to grant justice. (Italics mine.) *Page 334 
"Defendant's motion to vacate will be denied."
In Higgins v. California Prune and Apricot Growers,282 Fed. Rep. 550 (at pp. 554, 555), the court held as follows:
"When an ancillary bill is filed to enjoin an action at law, or where cross-bills are filed which do not introduce new and distinct matters into the original suit, substituted service may be allowed upon the attorney representing the non-resident party in the original suit. In 19 Encyc. of Pl. Pr. 623, it is laid down that — `In the Federal courts substituted service is allowed in an ancillary proceeding to bring in parties to the principal suit.'
 * * * * * * *
"In Ward v. Seabry, Fed. Cas. No. 17, 161; 29 Fed. Cas.208, Mr. Justice Washington said that substituted service upon the attorney when the party lives in another state is not allowed — `except in cases of injunction bills to stay proceedings at law, and in cross causes. The practice of this court is in strict conformity with that of the English Chancery court. * * *'
"In Bartlett v. His Imperial Majesty the Sultan of Turkey,19 Fed. Rep. 346, in a suit to enjoin the prosecution of an action at law, Judge Wallace, in the Circuit Court for the Southern District of New York, held that, inasmuch as the defendants could not be found in the district, process could be served upon their attorneys in the legal action, and said: `This has long been recognized as good practice when the suit in equity is brought to enjoin proceedings at law.'"
In the case sub judice, the equity suit is ancillary to the defendant's suit at law. Black's Law Dictionary defines "ancillary" as — "growing out of and auxiliary to another action or suit, either at law or in equity, such as a bill of discovery, or a proceeding for the enforcement of a judgment, or to set aside fraudulent transfers of property. Coltrane v. Templeton,106 Fed. Rep. 370; 45 C.C.A. 328; In re Williams (D.C.),123 Fed. Rep. 321; Claflin v. McDermott (C.C.),12 Fed. Rep. 375."
It is my opinion that this court has jurisdiction to restrain the suit at law, pending final hearing on the question of *Page 335 
reformation of the contract between the parties, and furthermore, the service of process herein upon the defendant's attorney is good and sufficient under the existing circumstances.