92 N.J. Super. 380 (1966)
223 A.2d 515
AMERICAN EXPRESS COMPANY, AN UNINCORPORATED ASSOCIATION, PLAINTIFF,
v.
CHARLES VELLA AND MARIA VELLA, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 13, 1966.
*382 Mr. Ronald Sturtz for plaintiff (Messrs. Hannoch, Weisman, Myers, Stern & Besser, attorneys).
Mr. James A. Major for defendants (Messrs. Major & Major, attorneys).
SCHNEIDER, J.C.C. (temporarily assigned).
On December 9, 1964 a writ of attachment was issued in this case and levied on a bank account in the River Edge Savings & Loan Association, River Edge, New Jersey, by serving the writ upon the secretary of the association.
On December 7, 1964 a search warrant was issued out of the Bergen County Court involving defendants in a criminal case. The Bergen County Prosecutor seized defendants effects, including pass book No. 6608 issued by River Edge Savings & Loan Association to the Vellas. On January 25, 1965 an application was made to the Bergen County Court by Maria Vella; the search warrant was quashed and the bank book ordered returned to her or her attorney, Albert S. Gross.
On January 27, 1965 Maria Vella came to the River Edge Savings and Loan Association and presented the pass book, a copy of the order compelling the return of the pass book, and a withdrawal voucher in the sum of $8,610. The institution issued a bank draft, and the endorsement shows the check was deposited in the account of Gross and Gross, attorneys.
Thereafter American Express Company recovered a judgment in the attachment suit, issued execution, and then found there were no funds in the account that had been attached. It now seeks an order to direct the River Edge Savings and Loan Association to turn over the funds under the execution.
The association contends that it does not acknowledge the debt; that N.J.S. 2A:17-63 provides that the garnishee must admit the debt and the proceeding should have been by a plenary suit. The facts contained above are admitted to be true. The attachment was issued and levy made before anything happened. There is no necessity for any additional suit where there is no dispute that the money was attached and *383 subsequently paid out in disregard for the attachment. The statute states the garnishee must admit the debt. Here there was money in the hands of the association at time of attachment and there is no need of an inquiry to determine the facts.
In Winchell v. Clayton, 133 N.J.L. 168 (Sup. Ct. 1945), the bank could show there was only a small amount remaining in the account at time of execution. The court held the garnishee did not admit the debt. In Rasner v. Carney, 108 N.J.L. 426 (Sup. Ct. 1932), the court quoted from Stivaly Bros. v. Bartolozzo, 9 N.J. Misc. 143, 153 A. 266 (Sup. Ct. 1931), that the words "if he admits it" did not permit strict construction where there is a failure to deny or there is an admission of existence of the fund.
In Piechowski v. Matarese, 54 N.J. Super. 549, 553 (Law Div. 1959), the court stated that where there is a denial of debt, there should be some kind of trial or hearing after due notice.
In our case, a trial or hearing would develop the same facts as conceded. We therefore find no merit in plaintiff's first contention.
The association denies there is any valid levy, contending that in order to withdraw funds the pass book is needed; the pass book is the debt in the case of a savings account, and since this book was in the custody of the prosecutor, the account could not be seized in attachment. Counsel cites the case of Hoffman v. Kahn, 119 N.J. Eq. 171 (Ch. 1935). In that case the property belonged to a nonresident lunatic and there was an attachment based on a California judgment. The court held that property in custodia legis is not subject to attachment. It did admit that defendant's interest may be attached.
This case bears no relation to ours. The money was in the hands of the association and was attached. The fact that for a short period the bank book was in the hands of the prosecutor did not place the custody of the money in his hands. Custody always remained in the association, and it could have *384 properly and legally refused to pay over to Maria Vella upon presentation of the book because of the attachment. The simple fact is that the association paid out in error.
If the debtor had given the book to someone as a gift, the rights of the donee would not be superior to the legal attachment.
Counsel contends there can be no valid levy unless a bank book is seized and its negotiation impaired, and that delivery of the book would constitute a delivery of the account. But in this case there was no delivery, and no question of priorities arises. The bank paid out in error and received the book. It can be conceded that property in custodia legis is not subject to seizure in attachment, but a defendant's interest in the property may be attached. Conover v. Ruckman, 33 N.J. Eq. 303 (E. & A. 1880); Four Star Delivery Service, Inc. v. Central Winery, Inc., 133 N.J. Eq. 330 (Ch. 1943).
Counsel for the bank points to the Uniform Commercial Code, N.J.S. 12A:7-602, holding that no lien attaches to goods in the hands of a bailee for which a negotiable document of title is outstanding unless the document be surrendered or its negotiation enjoined, and one who purchases the document for value without notice of process or injunction takes free of the lien imposed by judicial process. In our case there was no negotiation and no rights of third parties are involved. In addition, a bank book is not a negotiable instrument although there may be delivery by instrument.
There is no other Code provision controlling this case.
The motion will be decided in favor of plaintiff and an order may be entered directing payment of the money by the bank to plaintiff.