than by variance." *Medici v. BPR Co., supra,* 107 *N.J.* at 5, 526 *A.*2d 109.

Accordingly, the judgment of the trial court sustaining the Board's resolutions granting the Maier's and Lisanti use variance applications and the related site plan and subdivision approvals is reversed.

679 A.2d 213

SYLVAN EQUIPMENT RENTAL CORP., A NEW JERSEY CORPORATION, PLAINTIFF, v. C. WASHINGTON & SON, INC., A NEW JERSEY CORPORATION, DEFENDANT.

Superior Court of New Jersey
Law Division—Middlesex County
Special Civil Part

Decided May 8, 1995.

*Jeffrey T. Kosten* for National Westminster Bank, NJ (in opposition to turnover motion).

*Ralph A. Allora* for plaintiff.

LEFELT, J.S.C.

The issue to be decided is whether a bank account levy is automatically released when a turnover motion is not made within one year from issuance of the writ of execution.

On July 23, 1992, plaintiff, Sylvan Equipment Rental Corp., obtained a $685.00 judgment against defendant, C. Washington & Son, Inc. On January 28, 1993, a writ of execution issued, and on January 29, 1993 a Middlesex County constable levied on defendant's bank account in the People's National Bank, which is now National Westminster Bank (NatWest).

On the levy date, NatWest "placed an $822.47 hold" on defendant's account. This amount constituted the full judgment plus costs, attorney's fee, execution fee and constable fee. Also, on January 29, 1993, NatWest notified defendant and the constable by regular mail of the levy amount and the "hold."

The constable, however, did not receive NatWest's notification of the amount of money the bank was holding until June 14, 1993. On that date, he mailed a certification of levy to plaintiff's attorney. The constable, also on June 14, 1993, notified defendant of its right to claim that its bank account was exempt from levy. The constable's notice further informed the defendant that if a claim for exemption was not made within ten days, the property would be subject to further proceedings. No claim for exemption was made by defendant.

Plaintiff's attorney, however, inadvertently misfiled the constable's notice and did not make a motion to turn over the "held" funds until March 21, 1994, approximately one year and two months after the writ of execution had been issued.

On April 8, 1994 a Special Civil Part judge granted the turnover motion, which was unopposed. On April 18, 1994, the turnover order was served on NatWest. However, by this date NatWest had already released its "hold" on defendant's bank account and the account balance had been reduced below $822.47.

NatWest contends that it had no obligation under the law to maintain the levied funds after January 29, 1994. The bank takes the position that the writ expired on January 29, 1994, and, therefore, moves for reconsideration and vacation of the turnover order.

The bank argues that a motion seeking to have levied bank account funds turned over to plaintiff is not optional but an essential procedural step in the collection process. The bank further claims that turnover motions must be made within one year of the writ of execution. If the motion is not timely made, then the execution expires and any levy is also extinguished, even if the levy had been made within the year. The bank can point to no specific authority supporting its view, except for the *New Jersey Practice* series. *See* 20 *New Jersey Practice Skills and Methods* § 1871, at 938.

No statute specifically requires a turnover motion when there is a levy or a judgment debtor's bank account. If a bank holding a debtor's bank account can be considered a garnishee owing a "debt due or accruing to the judgment debtor," then *N.J.S.A.* 2A:17–63 at least contemplates notice to the garnishee before a judgment creditor can levy on the debt due or accruing.

Whether or not a turnover motion is legislatively required when levying on a bank account, there is no question that turnover motions have been a regular part of the practice, at least since 1941 and probably earlier. *E.g., Beninati v. Hinchliffe,* 126 *N.J.L.* 587, 20 *A.*2d 64 (E. & A.1941). It would seem also that turnover motions are important safeguards for banks which may be responsible for the debt if levied funds are mistakenly returned to a defendant debtor. *American Express Co. v. Vella,* 92 *N.J.Super.* 380, 223 *A.*2d 515 (Law Div.1966), *aff'd,* 94 *N.J.Super.* 258, 227 *A.*2d 721. (App.Div.1967).

The applicable statute provides:

A writ of execution issued out of the Superior Court, Law Division, Special Civil Part shall remain valid and effective for the purpose of a levy, and shall be operative and effective against any goods and chattels levied upon, for 1 year from the date of its issuance, unless sooner satisfied. *Thereafter it shall be void.* The officer shall make a return to the clerk of the proceedings had by him on such writ forthwith after a satisfaction thereof, otherwise within 1 year.

[*N.J.S.A.* 2A:18–27 (emphasis added).]

In essence, the bank's interpretation of *N.J.S.A.* 2A:18–27 requires the sentence "[t]hereafter it shall be void" to mean that

after one year not only the writ but also any levy authorized by the writ shall be void. I do not think the statute should be construed in this fashion.

The writ of execution in this case authorized a levy on any personal property of defendant, more particularly the bank account in question. The applicable court rule provides that writs shall be returnable twelve months after the date of issuance, unless a sheriff's sale is required. In the case of a sale, the sheriff shall make return of the writ and pay to the clerk any remaining surplus within thirty days after the sale. *R.* 4:59–1(a). The rule does not require voiding a timely levy when the writ cannot be satisfied through the levy until after one year. In the case of a sale, the rule contemplates a collection process continuing past one year from the writ's issuance.

Furthermore, *R.* 4:59–1(g) provides that "[n]o turnover of funds or sale of assets may be made, in any case, until 20 days after the date of the levy." The rule does not deal with what would occur if the levy is not made until the last twenty days of the writ's one year life. The rule's focus appears to control the speed of the turnover process. It does not require that turnover motions be made within one year of a writ's issuance.

Furthermore, if the statute means what the bank says, then any levy made within the last twenty days of the writ's issuance year would expire while waiting for compliance with *R.* 4:59–1(g). In fact, any levy made within the last month of the writ's life would be in jeopardy, given the time needed to make a turnover motion and comply with *R.* 4:59–1(g). *See R.* 6:3–3(c)(1) and –3(c)(2), (permitting five days for response after service of a motion.)

For purpose of evaluating priority among levies, each levy relates back to the date its writ was delivered to the sheriff, provided the levy is made while the writ is still alive and before the return date. *N.J.S.A.* 2A:17–10. *E.g., Vineland Savings and Loan Assn. v. Felmey,* 12 *N.J.Super.* 384, 79 *A.*2d 714 (Ch.Div. 1950) and *McAdams v. Mundy,* 79 *N.J.L.* 480, 76 *A.* 1031 (E & A 1910). Thus, even if a levy is made on the last day of the year,

priority would be established retroactively from the date the writ was delivered to the sheriff. However, priority would be lost if the bank's construction of *N.J.S.A.* 2A:18–27 is correct, since the writ and the levy would expire on the next day.

■ A levy pursuant to a writ of execution is the court officer's method of taking control of property. A levy is not valid unless the court officer takes actual possession or asserts dominion over the personalty. *E.g., Nelson v. Van Gazelle Valve Mfg. Co.,* 45 *N.J.Eq.* 594, 17 *A.* 943 (Ch.1889).

In this case, the constable made a levy and issued a certification of levy. The debtor depositor did not claim an exemption or that the funds were otherwise protected from the levy. Besides asserting dominion over the bank account, the lienor was identified and the lien amount and property liened were established. *In re Hiawatha Do It Yourself, Inc.* 82 *N.J.Super.* 399, 197 *A.*2d 715 (Cty.Ct.1964). It was not necessary for the constable to take any further action, except to receive the money and return the writ satisfied. Nevertheless, in total reliance on the fact that a turnover motion was not made within one year of the writ's issuance, the bank removed its hold on the bank account and released the funds to the judgment debtor depositor.

*N.J.S.A.* 2A:18–27 provides that the "officer shall make a return to the clerk of the proceedings had by him on such writ forthwith after a satisfaction thereof, otherwise within 1 year." The constable under this statute, therefore, must return the writ within one year, if the writ is to be returned unsatisfied. If the writ is to be partially or fully satisfied, meaning a successful levy has been made, then the return can be made "forthwith after satisfaction," in my opinion, even if the satisfaction occurs after one year from the writ's issuance.

■ The levy in this case was made within one year and *N.J.S.A.* 2A:18–27 does not require that a turnover motion be made within that year. The statute provides that writs shall be valid and effective for purpose of levy for one year. Once the levy

is made on a bank account, within the one year period, the funds levied are technically no longer the bank's or debtor's to control. They are under the dominion of a court officer. If the bank was concerned about delay in further instructions, it should have sought advice from the court by motion or even informally by letter. It should not have released its "hold" and returned the funds to the control of the judgment debtor.

Since I believe the bank's position is not sustainable under the statute and the levied funds were wrongfully released, the bank's motion to reconsider the turnover order is denied. The levy was valid on April 8, 1994, when the turnover motion was granted. Therefore, the writ should be satisfied from the debtor's bank account. If insufficient or no funds remain in the bank account, the bank is liable to the plaintiff for either the difference between the remainder in the account and the levy amount or the full amount of the levy.