**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5121-15T4

PNC BANK, NATIONAL
ASSOCIATION,

     Plaintiff-Respondent,

v.

YOEL OSHRI, a/k/a JOEL
OSHRI,

     Defendant/Third-Party
     Plaintiff-Appellant,

and

HIGH POINT AT LAKEWOOD
CONDOMINIUM
ASSOCIATION INC.,

     Defendant,

v.

MATTLEMAN, WEINROTH &
MILLER PC, MARTIN S.
WEINBERG, ESQ., and ALICIA M.
SANDOVAL, ESQ.,

     Third-Party Defendants.

_____

Argued October 2, 2018 – Decided October 16, 2018

Before Judges Geiger and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-015407-14.

Yoel Oshri, appellant, argued the cause pro se.

Robert W. Williams argued the cause for respondent (Mattleman, Weinroth & Miller, PC, attorneys; Robert W. Williams, of counsel and on the brief).

PER CURIAM

Defendant/third-party plaintiff Yoel Oshri appeals from a series of orders and final judgment in this residential mortgage foreclosure action. Specifically, he appeals orders: granting summary judgment to plaintiff PNC Bank, National Association (PNC); striking defendant's answer and affirmative defenses; entering default; returning the case to the Office of Foreclosure to proceed as an uncontested matter; dismissing defendant's counterclaim and third-party complaint; dismissing defendant's order to show cause with prejudice; denying reconsideration; and the final judgment entered against him. For the reasons that follow, we affirm.

On August 20, 2004, Oshri borrowed the sum of $65,000 from PNC and executed a variable interest rate promissory note, with an initial rate of 5.490

percent, payable in 180 monthly installments. To secure payment of the note, Oshri executed a mortgage in favor of PNC affecting his residence in Lakewood, New Jersey. The mortgage was recorded on September 7, 2004. PNC is the original lender and remains the holder of the note and mortgage which were not assigned.

Oshri defaulted on the note and mortgage by failing to make the payment due on January 5, 2013. As a result, the entire outstanding principal amount, plus interest, fees, costs, and advances, was accelerated and fell due.

PNC filed its complaint on April 21, 2014. Oshri filed a contesting answer alleging PNC improperly seized funds from his depository account that had been established to pay the mortgage loan. He claims the seizure of those funds caused the resulting payment default.

The parties engaged in discovery, with Oshri propounding interrogatories and a demand for production of documents. Oshri moved to compel answers to discovery and to extend discovery. Determining that PNC provided adequate responses to discovery demands, the trial court denied the motion to compel discovery but granted a sixty-day extension of discovery.

Thereafter, Oshri sought to depose three bank representatives. PNC objected to the depositions. Oshri moved to compel further discovery responses

 A-5121-15T4

and the three depositions. PNC cross-moved for a protective order to quash the deposition notice, claiming the individuals sought to be deposed were not involved in the servicing or handling of the mortgage account. Oshri's motion to compel was denied and PNC's motion for a protective order was granted.

Oshri filed an untimely amended answer, counterclaim, and third-party complaint without PNC's consent or leave of the court. PNC moved to dismiss the counterclaims and to strike defendant's contesting answer. The trial court granted PNC's motions, dismissing his counterclaims, striking his answer as non-contesting, entering default against him, and transferring the case to the foreclosure unit as an uncontested matter. The trial court denied Oshri's motion for reconsideration. Final judgment of foreclosure was entered against Oshri in the amount of $47,113.36. This appeal followed.

In a prior civil action, High Point at Lakewood Condominium Association, Inc. (High Point) sued Oshri, a unit owner in the condominium complex, to collect unpaid fees and other accrued charges (Docket No. L-1670-06). Oshri counterclaimed against High Point and filed a third-party complaint against the law firm of Honig & Greenberg, LLC, principally alleging violations of the Fair Debt Collection Protection Act (FDCPA), 15 U.S.C. §§ 1692 to -1692p. PNC was not a party in that case.

The facts and procedural history in that case are set forth in <u>High Point at Lakewood Condo. Ass'n v. Oshri</u>, Docket No. A-4355-08 (App. Div. December 17, 2010). The trial court dismissed the third-party complaint and, following a two-day proof hearing, entered an amended judgment against Oshri in the amount of $9902, plus $1980.40 in amended counsel fees and costs (Judgment No. J-313128-2006). <u>Id.</u> (slip op. at 2, 4). After filing liens against Oshri's property by invocation of N.J.S.A. 46:8B-17, PNC retained the firm of Honig & Greenberg to pursue collection of the judgment. <u>Id.</u> at 3. In that case, Oshri did not dispute he had not paid the charges imposed by High Point, but instead maintained the charges were unjustified and that High Point had not fulfilled its contractual obligations. <u>Ibid.</u> The appellate panel affirmed the amended judgment and dismissal of the third-party complaint, holding Oshri's numerous arguments manifestly lacked merit and did not warrant discussion in a written opinion. <u>Id.</u> at 4. The panel vacated and remanded dismissal of the counterclaim. <u>Id.</u> at 16.

Subsequently, High Point obtained a writ of execution on its judgment under Docket No. L-1670-06, and had the Ocean County Sheriff levy on Oshri's depository bank account at PNC, allegedly rendering him unable to remit the mortgage payments. At the time of the levy, the sum of $2724.23 was on deposit

in the account. On November 28, 2012, PNC Bank put a hold on the account until further instruction from the court. Thereafter, High Point moved for turnover of funds. Oshri moved to quash the writ of execution. The trial court ordered PNC Bank to turn over the sum of $2724.23 levied upon to the Sheriff, denied Oshri's motion to quash the writ of execution, and denied the other relief sought by Oshri. Although Oshri was successful in obtaining a stay of any turnover order, the record does not indicate he was successful in setting aside the levy on his bank account.

High Point also attempted to enforce its judgment through a sheriff's sale. Oshri filed an interlocutory appeal and obtained several orders from the Appellate Division holding High Point should not have been permitted to take action in aid of execution because the matter was not ripe for execution until the counterclaim was resolved.

Oshri raises numerous arguments, some of which are undiscernible. Oshri argues the writ of execution served on PNC was fraudulent and defective; the Sheriff had no authority when he served the defective writ; the trial court erred by granting the motion to strike the contesting answer and affirmative defenses and entering default because the motion did not comply with Rule 4:46-1; he was denied due process by not being permitted to depose three essential

employees of PNC; and the trial court erred by dismissing his counterclaim which alleged violations of the FDCPA.

We affirm the orders and judgment on appeal substantially for the reasons expressed by the trial court. We add the following comments.

We review orders limiting discovery for an abuse of discretion. Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 221, 371 (2011) (citing Bender v. Adelson, 187 N.J. 411, 428 (2006)). "That is, '[w]e generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law.'" Ibid. (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005)). We discern no abuse of discretion by the trial court in sustaining PNC's objection to the deposition of the three PNC employees who had no knowledge of the mortgage account or the foreclosure proceedings.

Oshri argues the trial court erred by granting the motions to dismiss his counterclaims and strike his contesting answer and affirmative defenses because the motions were returnable only two days before the November 12, 2015 scheduled trial date, in violation of Rule 4:46-1, which requires summary judgment motions to be made returnable not less than thirty days before the trial date. Oshri did not oppose the merits of the motions or object to the timeliness

of the motions.  Accordingly, the motions were properly deemed unopposed. We further note PNC filed and served its motions at least twenty-eight days before the return dates.  See R. 4:46-1.

Oshri first objected to the timeliness of PNC's motions in his motion for reconsideration.  A motion for reconsideration "is properly denied if based on facts known to the movant prior" to the return date of the underlying motion or if "based on new legal arguments that were not presented to the court in the underlying motion."  Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:49-2 (2019) (citations omitted).

In any event, Oshri has not demonstrated any prejudice resulting from the motion return dates.  The trial court is not precluded from deciding a dispositive motion returnable less than thirty days before the scheduled trial date.  Indeed, the rule provides an escape valve requiring applications for trial adjournments to be liberally granted if the motion decision is not rendered at least ten days before the trial date.  R. 4:46-1.  Here, of course, there was no trial as the motions were granted.

Oshri attempts to exonerate his nonpayment default by claiming the writ of execution leading to the levy on his depository bank account was fraudulent

and defective and that the Sheriff had no authority to impose the levy when he served the defective writ. We are unpersuaded by these arguments.

PNC was not a party to the collection action brought by High Point against Oshri. "When a levy is made on a bank account, 'the funds levied are technically no longer the bank's or debtor's to control.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 385 (App. Div. 2015) (quoting Sylvan Equip. Rental Corp. v. C. Washington & Son, Inc., 292 N.J. Super. 568, 574 (Law Div. 1995)). "They are under the dominion of a court officer." Sylvan, 292 N.J. Super. at 574.

PNC was obligated to honor the sheriff's levy on Oshri's bank account unless the levy was vacated, the funds were deemed exempt, or the court ordered turnover of the funds. Had PNC not honored the sheriff's levy, it would have been liable to High Point. Ibid. Oshri's purported inability to remit mortgage payments to PNC as a result of the levy is not a defense to the foreclosure.

Appellant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5121-15T4