## CATHERINE W. GITHENS ET AL., ADMINISTRATORS, v. ELWOOD MOUNT.

### Submitted July 26, 1899—Decided November 13, 1899.

1. An order, made upon petition in proceedings supplementary to execution, which restrains the defendant from collecting moneys due him, is justified only when the allegations of the petition, with relation to the existence of the defendant's right to such moneys, are supported by legal evidence.
2. An order which directs a discovery by the defendant, and also restrains him from collecting moneys due him, *is severable; and the fact that the restraining clause in the order was unwarranted, does not require the vacation of the order in toto.*

---

On motion to quash order for discovery.

*35 Vroom.*  Githens v. Mount.

Before Justices DEPUE, GUMMERE and LUDLOW.

For the motion, *Gilbert & Atkinson.*

*Contra, Jerome B. Grigg.*

The opinion of the court was delivered by

GUMMERE, J. The plaintiffs, having recovered a judgment in this court against the defendant, issued execution thereon, which was afterward returned unsatisfied to the extent of $746. They thereupon made application for, and obtained, an order requiring the defendant to appear before a commissioner of this court and make discovery concerning his property and things in action, and restraining him from collecting his share of the residue of the estate of his deceased father due to him under the will of the decedent.

This order is now attacked on the ground that the statute providing for discovery in aid of execution (*Gen. Stat., p.* 1419), under which it purports to have been made, does not justify the restraining clause contained in the order, and we are, for this reason, asked to set it aside *in toto.* The section under which this order was sued out provides that before the granting of such order the judgment creditor shall present a petition, verified by the oath of such creditor, his agent or attorney, in which he shall state the amount due on the execution, and his belief that the judgment debtor has property, or money or things in action due to him, &c., and then proceeds as follows: "On allegation in said petition, or in one supplementary thereto, and proof by the oath of the party, or any other person, of facts and circumstances showing that any person owes the said debtor otherwise than for his labor or personal services, or holds money or property in possession or action in trust for him or for his use, an order may be made forbidding the payment of such debt or the transfer of said property or money by or to the said debtor until further order," &c. The application in this present case was made upon a petition setting forth

those facts, the existence of which is necessary to justify the
making of an order for discovery, and the further fact that
the defendant, by the will of his deceased father, was enti-
tled to the one-eighth part of the decedent's residuary estate,
which is stated to amount altogether to the sum of $3,500,
and which has not yet been paid over to the defendant.
This petition was verified by the oath of one of the plaintiffs,
but the verification of the facts upon which the petitioner
sought to obtain the restraining provision of the order was
merely upon information and belief. Such a verification was
not a compliance with the requirements of the act and did
not justify the restraining clause contained in the order now
before us. The act requires proof of the facts upon which
the application for the injunction is based, and "proof,"
when used in a legislative enactment, means legal evidence
upon which judicial action may be rested. *Truax* v. *Penn-
sylvania Railroad Co.*, 27 *Vroom* 277; *Inglis* v. *Schreiner*,
29 *Id.* 120; *Barr* v. *Voorhees*, 10 *Dick. Ch. Rep.* 561.

Obviously the petition of the defendant verified in manner
mentioned does not supply this statutory requirement. As
evidence the affidavit is the veriest hearsay. So much of the
order, therefore, as restrains the defendant from collecting his
distributive share of the residue of his father's estate must
be set aside.

The fact that the restraining clause was unwarranted does
not, however, vitiate the whole order. So much of it as
requires the defendant to appear and make discovery is
entirely unobjectionable. The statute does not require, in
order to justify the making of such an order, proof of the fact
that the judgment debtor hath property, money or things in
action, &c., but proof that the petitioner believes such to be
the fact; and such proof is made by the affidavit annexed to
the petition. The order before us embraces two entirely dis-
tinct and independent matters. They need not both be em-
braced in one petition and order. They might, with propriety,
have been made the ground of two several applications, and
of separate judicial action. The order is clearly severable,

and only so much thereof as restrains the defendant from collecting his legacy will be set aside. The remaining portion thereof will be permitted to stand.

Neither party will be allowed costs on this application.