PERTH AMBOY DISTRICT COURT.

JOSEPH SHAKIN ET AL., PLAINTIFFS, v. MURRAY ABRAMS, DEFENDANTS.

Decided June 20, 1934.

For the rule, *Charles Blume.*

For the Metropolitan Life Insurance Company, opposed, *Clifford I. Voorhees.*

GOLDBERGER, J. On September 18th, 1933, plaintiffs recovered judgment against defendant in the sum of $144.75, thereupon application was made for an order to compel the Metropolitan Life Insurance Company to satisfy said judgment out of moneys which it is alleged it has in its hands as belonging to the said Abrams. Prior to entry of judgment debtor entered into an agreement with the said insurance company as follows:

"May 3d, 1933.

Metropolitan Life Insurance Co.,
1 Madison Avenue, New York, N. Y.
Gentlemen:

In connection with my appointment as your agent, I hand you herewith the sum of $250 to be held and disposed of as follows:

Such sum is transferred to and received by you to be held as a cash deposit to protect you against loss by reason of (a) any loans or cash advances made by the company, (b) any deficiency in my accounts as your agent, or (c) any violation of the rules and regulations of the company.

In case of any such deficiency or loss to the company on my account, you are hereby expressly authorized to apply such deposit or so much thereof as may be necessary, to reimburse you for the deficiency or loss so incurred, or to reimburse any surety on my bond as your agent.

The said deposit, or the excess thereof over and above any portion applied as above set forth, is to be returned to me at the time of the settlement, of my salary account under the contract appointing me an agent, following final of my agency. I am to receive interest on such deposit, or on any excess not applied as above set forth, at rate determined by the company, but not less than 4% per annum, payable annually from the date hereof; provided that, if such date of deposit is prior to the date of my appointment, interest thereon shall run from such date of appointment.

I understand and agree that my rights in and to said deposit and the return thereof or any part thereof, and to interest thereon, as above set forth, is personal to me and not subject to transfer or assignment.

Yours truly,

MURRAY L. ABRAMS, Agent.

May 23d, 1933.
District New Brunswick, N. J.
Debit 9, Date of Appointment 5/8/33."

The plaintiff's contention is that it was incumbent upon the garnishee company, as soon as a levy was made, to discharge the (agent) debtor, audit his accounts, and to pay the plaintiff's judgment out of moneys it may ascertain (after accounting), it has remaining in its hands, and to return the balance, if any, to agent.

The garnishee, while it acknowledges it has moneys on hand which may at some future time belong to debtor, does not admit the debt within the meaning of the statute, making it subject to garnishment within the perview of section 9 of the supplement. *Pamph. L.* 1915, *p.* 183, 184; *Barrett Co.* v. *United Building and Construction Co.,* 5 *N. J. Mis. R.* 87; 135 *Atl. Rep.* 477.

Courts are not established to make or sever contracts that

the parties choose to make between themselves. Funds that debtor could not recover from garnishee cannot be reached by process of garnishment, there being no fraud. *American Trust Savings Bank* v. *O'Barr,* 67 *So. Rep.* 794; *Walton* v. *Hookan,* 112 *Ga.* 814; 38 *S. E. Rep.* 105; *Miller* v. *Swift,* 138 *Ky.* 408; 128 *S. W. Rep.* 312.

The agreement in question evidences a trust relationship and not that of debtor and creditor. 28 *Corp. Jur.* 245, &c.; *Carl* v. *Grand Union Co.,* 105 *Pa. Sup. Ct.* 371.

And where funds as here are *transferred* for the payment of specific claims or as security for a definite purpose, there is an appropriation or pledge that the said funds be used for such specific purpose; places them beyond the grasp of the creditor or pledgor. The plaintiff stands in the same shoes as the debtor and any defense good against the latter would enure to the garnishee. *Netter Bros.* v. *Stoeckle,* 56 (*Pa.*), *Atl. Rep.* 604, 605; *Brown* v. *Brewery Co.* (*Pa.*), 40 *Atl. Rep.* 60.

The agreement under consideration is a continuing one, and can be severed only by the parties themselves, and until then, there is nothing due the debtor. It is the general rule that the right to recover against the garnishee depends upon the subsisting rights between the debtor and garnishee, and the service of a summons (or rule to show cause) in garnishment does not change or interrupt the contractual relationship existing between the garnishee and defendant. Furthermore the plaintiff cannot compel the garnishee to terminate or perform his contract with the principal debtor otherwise than in the manner provided by the contract. 28 *Corp. Jur.* 245, 246; *First National Bank* v. *Lofland* (*Del.*), 143 *Atl. Rep.* 407; *Lovejoy* v. *Hartford,* 11 *Fed. Rep.* 63; *L. R. A.* 1916 A. D. 365 (note).

In view of the foregoing, I do not think a case for a summary order has been made.