GIUSEPPE BENINATI, PROSECUTOR, v. LOUIS V. HINCH-LIFFE, JUDGE OF THE FIRST DISTRICT COURT OF THE CITY OF PATERSON; FRANK GRATH, CLERK OF THE FIRST DISTRICT COURT OF THE CITY OF PATERSON; AND ABE PETERMAN, DEFENDANTS.

Argued October 2, 1940—Decided October 24, 1940.

Before Justices BODINE and PORTER.

For the prosecutor, *Louis Santorf.*

For the defendants, *Seymour J. Hirsch* (*Milton S. Goldberg,* of counsel).

The opinion of the court was delivered by

PORTER, J.   Garnishee proceedings are the subject for review brought before us on this writ of *certiorari.*

It appears that Abe Peterman obtained a judgment in the First District Court of the city of Paterson against Anthony Sorce trading as Beninati Fruit Company; that execution was issued on the judgment and a levy made upon money on deposit in the Linares and Rescigno Bank of Paterson standing in the name of Beninati Fruit Company. The court then issued a rule to show cause directing Sorce and the bank to show cause why the money levied upon should not be turned over to the officer holding the execution toward its satisfaction.

On the return of the rule testimony was heard upon the issue of fact as to whether or not the money levied on was a debt of the bank to Sorce. If the debt was admitted the court had authority under the statute to make an order on

the bank, the garnishee, to turn over the money to the officer holding the execution. *N. J. S. A.* 2:32-178.

The only testimony heard was that of an officer of the bank. He said that the account had been opened by the prosecutor, Beninati, on January 12th, 1940, and that on February 10th, 1940, Beninati had instructed the bank to honor checks on the account signed Beninati Fruit Company by Anthony Sorce as manager exclusively. Beninati thus lost complete control of the account and so far as appears never again had any dealing with the bank concerning it. Counsel for Beninati participated in the proceedings and at the close of the hearing offered no testimony but contented himself with moving for a dismissal. Decision was reserved. The record does not show any formal disposition of that motion.

However, the court later found from the evidence that the money on deposit with the garnishee belonged to Sorce trading as Beninati Fruit Company, that therefore the garnishee was indebted to Sorce within the meaning of the statute *supra* and ordered that the money be turned over to the officer as requested.

The issue was one of fact. The testimony and proper inference to be drawn therefrom support the court's conclusion. It is well settled that in such a situation this court will not disturb it.

The prosecutor argues that the proceedings were illegal because he was not served with notice of the proceedings. The statute, *N. J. S. A.* 2:32-178, *supra,* makes no such provision. It provides that the garnishee and the judgment debtor only be made parties.

It is also argued that the proceedings were defective because of failure to enter proper orders and to give proper notices of hearings and to permit Beninati to offer testimony. We find no merit in these contentions. The prosecutor was properly represented by counsel throughout and we conclude that his rights were not prejudiced in any way.

The writ is discharged, with costs.