GIUSEPPE BENINATI, PROSECUTOR-APPELLANT, v. LOUIS V. HINCHLIFFE, JUDGE, ET AL., DEFENDANTS-RESPONDENTS.

Submitted February 14, 1941—Decided May 20, 1941.

For the prosecutor-appellant, *Louis Santorf.*

For the defendants-respondents, *Seymour J. Hirsch* and *Milton S. Goldberg.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* allowed to review an order of the First District Court of Paterson made in connection with a levy on rights and credits in the form of a bank deposit.

It appears that the defendant Abe Peterman obtained a judgment in that court in the sum of $362.40 against "Anthony Sorce individually and trading as Beninati Fruit Co." This was entered March 4th, 1940, suit having been started on February 7th. Levy was made upon a bank account standing in the name of Beninati Fruit Co., and a rule to show cause was made directing the bank and Sorce

to show cause why the moneys levied upon should not be turned over to the sergeant-at-arms of the court in satisfaction of the judgment. On the adjourned day of the rule the testimony of an officer of the bank was taken. From this testimony it appears that the bank account was opened on January 12th, 1940, in the name of Beninati Fruit Co. by one G. Beninati. The signature card then filed is not in evidence, having been taken away from the bank; but the evidence was that withdrawals were to be made on the signature of G. Beninati. Subsequently, on February 10th, 1940, three days after suit was started, Beninati instructed the bank that withdrawals were to be permitted upon the signature of "Anthony Sorce, Mgr." The bank officer testified that after February 10th withdrawals were made only on the signature of Sorce, but he would not say, when questioned, that Beninati had nothing more to do with the account. Nowhere in his testimony does he admit that there is a debt due from the bank to Anthony Sorce either individually or trading as Beninati Fruit Co. There is merely a recital of the actual facts surrounding the bank account without any conclusion drawn therefrom.

The court took the matter under advisement. Subsequently it made an order directing the moneys to be turned over, and then revoked this order. The matter was set down for further hearing and finally, on the adjourned day, August 8th, 1940, the court having considered the transcript of the bank officer's testimony, made the order under review directing the sergeant-at-arms to collect the money and pay it to the judgment creditor.

The Supreme Court held that the question determined by the District Court was one of fact and that, since in its view there was evidence to support the finding, it should not be disturbed.

We are of the opinion that there was error in the action of the lower courts and that the judgment under review must be reversed. Where there is a levy on rights and credits under the statute here involved, R. S. 2:32-178, a section of the District Court Act, or under the Executions Act, R. S. 2:26-179 and 180, and a rule is issued against the garnishee

and the judgment debtor, an order directing the garnishee to pay the money over may be made only when the garnishee admits the debt is due the judgment debtor. "Upon the return of the rule to show cause an order may be made requiring the garnishee to pay said debt, *'if he admits it.'* " *First-Mechanics, &c., Bank* v. *New Jersey Brick, &c., Co.,* 112 *N. J. L.* 218. "The words 'an order may be made requiring the garnishee to pay said debt, *if he admits it,* to the officer' make the admitting of the debt a jurisdictional *sina qua non."* *N. Drake, Inc.,* v. *Donovan,* 8 *N. J. Mis. R.* 869; *The Barrett Co.* v. *United Building Construction Co.,* 5 *Id.* 87.

It has been held in the cases of *Rasner* v. *Carney,* 108 *N. J. L.* 426, and *Stivaly Brothers* v. *Bartolozzo,* 9 *N. J. Mis. R.* 143, that where the garnishee does not expressly admit the debt but fails to deny it or stands without answer upon that question at the hearing, the failure to deny it is tantamount to an admission of its existence within the meaning of the statute. We are of the opinion that that rule cannot be applied in the present situation and that those cases are distinguishable from the one under consideration. The testimony of the bank officer presents neither an admission of the debt nor a standing without answer upon the question. It rather presents a situation where he was unable either to admit or to deny. He stated that the account was opened by Beninati and that later Sorce was authorized to sign checks as manager. He was then asked *"Q.* and G. Beninati has nothing more to do with this account any more, is that right? *A.* I wouldn't say that." Under the proofs the account when opened was that of Beninati and the only change made was with respect to the signing of checks. We do not think that the evidence in this case justifies a finding that there was an admission of the debt or such a failure to deny it as to call for the application of the rule of the cases last cited.

The Supreme Court took the view that the District Court judge was presented with a question of fact for determination and that there was evidence to support the finding of fact made. However, we are of the opinion that such a question of fact may not be tried out in this statutory proceeding. The legislature has carefully avoided that by expressly providing

that an order such as that under review may be made only when the garnishee admits the debt. There are statutory proceedings by which disputing claimants to property that has been made the subject of levy may assert their claims and obtain judicial determination, but the statute followed in this case was not intended to provide a method of settling ownership of personal property in the form of a bank account. On the contrary, this was prohibited.

We are, therefore, of the opinion that the judgment of the Supreme Court must be reversed, and the order of the District Court set aside.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, CASE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 13.