CLARENCE W. WINCHELL, PLAINTIFF, v. HELEN E. CLAY-TON, INDIVIDUALLY AND AS ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF JOHN W. CLAYTON, DECEASED, DORO-THY E. CLAYTON FAZIO AND JOHN ROLAND CLAYTON, JOINTLY AND SEVERALLY, DEFENDANTS.

Argued October 7, 1944—Decided July 20, 1945.

Before Justice HEHER, at the Passaic Circuit.

For the plaintiff, *Edward DeSevo* and *Mark Townsend, Jr.*

For the defendant Helen E. Clayton, individually, *Vincent E. Hull.*

HEHER, J. Plaintiff recovered a judgment for $1,500 against defendant Helen E. Clayton, individually; and he seeks satisfaction thereof from funds on deposit in the Pas-

saic National Bank and Trust Company to her credit as administratrix of the estate of John William Clayton, deceased. A levy was made upon the account under an execution issued upon the judgment; and this defendant, individually, and the garnishee bank were ruled to show cause why so much of these moneys as shall be sufficient to satisfy the execution should not be paid over to the sheriff. The facts have been developed by depositions.

The burden rests upon plaintiff to prove that the moneys thus deposited are the individual property of the judgment debtor, and therefore applicable to the satisfaction of the judgment; and he has sustained the *onus* of proof only to the extent of $146.25.

The bank account was opened with a deposit of $8,333, representing the amount paid in settlement of an action instituted by Helen E. Clayton, as administratrix *ad prosequendum* of her deceased husband, John W. Clayton, under *R. S.* 2:47–1, *et seq.*, for the recovery of the pecuniary loss occasioned to his next-of-kin by his death through the alleged wrongful act of the defendant therein; and under the terms of the cited statute the recovery was had for the benefit of the widow and their two children, Dorothy E. Clayton Fazio and John Roland Clayton, in equal shares. The evidence conclusively establishes that the funds now on deposit in the administratrix's account, with the exception of $146.25, constitute the undistributed share of Dorothy E. Clayton Fazio in the moneys thus recovered. The total amount paid in settlement of the death action was $12,500. Of this sum, $4,167 was placed in escrow pending the determination of a controversy as to the *quantum* of counsel fees. When this dispute was settled, $438.77 remained for distribution, and it was deposited in the administratrix's bank account. Sometime prior to the making of the levy herein, Helen E. Clayton withdrew her distributive share of $2,742.67 in two installments, about three months apart. In calculating her share at this amount, allowance was made for a premium of $105 paid on the administratrix's bond. On the day of the second withdrawal in payment of her share, the administratrix made a check to her son John for $2,742.67, in satisfaction of his distributive

share. Stress is laid upon the fact that this check was not cashed until after the entry of the judgment in this cause, but for reasons to be presently stated this circumstance has no significance. John was also a defendant in this cause, but there was a verdict of "no cause for action" as to him, and judgment thereon. Shortly after the deposit of $438.77, a check for $146.25 was given by the administratrix to John, and was later cashed by him. This was in payment of his one-third interest in that deposit. The daughter, Dorothy, was then a minor, and when she attained her majority, some two months later, the administratrix made a check to her for $2,888.92, representing her one-third interest in the original deposit, plus $146.25, her share of the second deposit. This check was not honored by the depositary because the levy upon the account under the execution herein had then been made. Sometime later, a check upon the account for $1,413.79 was given by the administratrix to her daughter, and cashed, leaving a balance due on her share of $1,475.13.

Plaintiff maintains that the children made a gift of their distributive shares to their mother, but the evidence does not sustain the contention. There was no assignment of either share; and loose declarations by the son that he had no "intention of receiving any money from the estate," as plaintiff puts it, cannot be distorted into an irrevocable gift of his share of the moneys paid in satisfaction of the statutory obligation to make recompense for the next-of-kin's pecuniary loss. Certainly, the evidence offered would not be sufficient to sustain the asserted gift on an issue of title between the mother and son. It is elementary that an unexecuted intention or promise to make a gift *inter vivos* is unenforceable. And there was no evidence whatever to sustain the hypothesis of a gift of the daughter's share to the mother; and, even though there was, she was a minor at the time and therefore incapable of an irrevocable disposition of her share of the fund.

Plaintiff also contends that the evidence reveals a debt owing by the daughter to the mother, for moneys loaned and expenditures made on the daughter's behalf under a promise of repayment.

So far as appears, there was no levy upon this alleged credit. And under *R. S.* 2 :26–179 and 2 :26–180, only a debt admitted by the garnishee to be owing by it to the judgment debtor is reachable by this process. See *Beninati* v. *Hinchliffe,* 126 *N. J. L.* 587. Here, the debt was due to the administratrix in her representative capacity. Moreover, the daughter is not a party to this proceeding; and this summary measure cannot be invoked to determine the existence of the asserted debt, for that would constitute an invasion of the right of trial by jury. The daughter, called as a witness, denied the indebtedness under oath; and so did the mother. The statute provides a remedy where the existence of the credit is disputed. *Section* 2 :26–171, *et seq.*

An order may be entered accordingly.