140 N.J. Super. 454 (1976)
356 A.2d 447
THE NATIONAL CASH REGISTER CO., NOW KNOWN AS N.C.R. CORP., A MARYLAND CORPORATION, AUTHORIZED TO DO BUSINESS IN NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
6016 BERGENLINE AVE. CORP., TRADING AS HOAGIE HUT & /OR FRANK GRANDY & /OR 6018 GRANDEE FOODSHOP, INC. & /OR ANCOLO CORPORATION, A.N.J. CORPORATION & /OR DOMINICK MASCOLO & ANTHONY BOZZETTI d/b/a BLIMPIE BASE, DEFENDANTS. ALEXANDER A. ABRAMSON, GARNISHEE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 22, 1976.
Decided April 5, 1976.
*455 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Stephen Klein, attorney for appellant.
Mr. Leon Horowitz, attorney for respondent.
PER CURIAM.
Plaintiff brought suit against defendants in the Hudson County District Court on November 19, 1974 to recover the balance due, plus interest and attorney's fees, on a cash register it had sold to defendant 6016 Bergenline Avenue Corp., trading as Hoagie Hut, in September 1973. A default judgment in the sum of $1818.32 plus costs was entered against that defendant and also against defendants Frank Grandy and 6018 Grandee Food Shops, Inc., on January 31, 1975. Thereafter, in February 1975, pursuant to a duly issued writ of execution, a levy was made "on escrow funds in the amount of $28,786.99, held by * * * Alexander A. Abramson, as part of the purchase *456 price in the sale of its assets by 6018 Grandee Food Shop, Inc. to Ancolo Corporation. * * *" Simultaneously, notice was served upon the garnishee that an application would be made to the court requiring him to turn over to the constable the amount of the judgment plus execution charges.
The garnishee, Alexander A. Abramson, appeals from a judgment directing him "to pay to the plaintiff by turning over to a constable of this court the sum of $1,818.32, this being the amount of judgment entered in favor of the plaintiff, together with interest, court and execution costs * * *." We reverse.
We gather from the record that defendant Frank Grandy signed the purchase contract for the cash register as president of 6016 Bergenline Avenue Corp. Actually, the corporation owning the business where the cash register was to be used was known as 6018 Grande Food Shops, Inc., of which Frank Grandy was the sole stockholder and president. On May 31, 1974 he executed a contract for the sale of the business, including stock in trade, fixtures, equipment, etc., to defendants Anthony Bozzetti and Dominick Mascolo. When the transaction was consummated on or about July 12, 1974 the closing statement provided that all moneys were to be held in escrow by Alexander A. Abramson, the seller's attorney, "toward the payment of the attached obligations and to the extent of $28,768.99 * * *."
In the affidavit he filed in opposition to the motion for a turn-over order, Abramson alleged that most of the trust funds were disbursed to various creditors by August 27, 1974, and that between November 7 and December 29 of that year he paid $1694.20 to Grandy and turned over the remaining sum of $700 to himself in payment of his legal fees. He alleged further that the closing statement did not include plaintiff among the creditors and that a judgment search did not disclose the obligation. He contended that while there was a reference in his records to the claim of National Cash Register Company, the notation was made after all trust funds had been disbursed. It was his position that *457 when the levy was made, he had no further funds in his possession and, therefore, there was nothing for him to turn over.
At the hearing, the trial judge found as a fact that "there was proper notice given to Mr. Abramson in the escrow agreement warning and telling him in no uncertain terms that [plaintiff's] claim was outstanding by his client." He held, further, "that anybody who holds money in escrow does so at his peril," and that since Abramson had ample notice of the claim while he had the escrow funds in his hands, he could be ordered to pay over the money.
There is no doubt that liability attaches to an escrow depository who improperly parts with his deposit. Cooper v. Bergton, 18 N.J. Super. 272, 277 (App. Div. 1952). See also, Cambridge Accept. Corp. v. American Nat'l Motor Inns, Inc., 96 N.J. Super. 183, 213 (Ch. Div. 1967), aff'd 102 N.J. Super. 435 (App. Div. 1968), certif. den. 53 N.J. 81 (1968). But that issue was not germane to the proceeding below, and we need express no view as to whether the escrow agent here assumed any obligation to plaintiff under the agreement, and, if so, whether he was guilty of a breach thereof. The plain fact is that at the time plaintiff obtained its default judgment and caused execution to issue and a levy to be made, Abramson had disbursed all of the funds.
The turn-over order sought by plaintiff was under N.J.S.A. 2A:17-63, which provides as follows:
After a levy upon a debt due or accruing to the judgment debtor from a third person, herein called the garnishee, the court may upon notice to the garnishee and the judgment debtor, and if the garnishee admits the debt, direct the debt, in an amount not exceeding the sum sufficient to satisfy the execution, to be paid to the officer holding the execution * * *."
It is established law that where there is a levy upon a debt due or accruing to the judgment debtor, the admission of the debt by the garnishee is a jurisdictional sine qua non to an order requiring him to pay it to the judgment *458 creditor. Beninati v. Hinchliffe, 126 N.J.L. 587, 589 (E. & A. 1941). See also, Winchell v. Clayton, 133 N.J.L. 168, 171 (Sup. Ct. 1945); Piechowski v. Matarese, 54 N.J. Super. 549, 552-553 (Law Div. 1959). Cf. American Express Co. v. Vella, 92 N.J. Super. 380 (Law Div. 1966). The garnishee here categorically denied the existence of any debt, thus barring the summary entry of a turn-over order.
Ordinarily, in such case a plenary hearing would have been required to determine whether the moneys in the hands of the garnishee constituted a debt due or accruing to the judgment debtor. Cf. Beninati v. Hinchliffe, supra, 126 N.J.L. at 590; Winchell v. Clayton, supra, 133 N.J.L. at 171; Piechowski v. Matarese, supra, 54 N.J. Super. at 553. But the uncontradicted fact here is that when the levy was made, Abramson had no funds in his possession as escrow agent. The law is clear that a garnishment will not lie unless there is property of the principal debtor in the hands of the third party; if there is none, then there is no garnishable debt or interest. Russell v. Fred G. Pohl, 7 N.J. 32, 39 (1951). See also, State v. United States Steel Corp., 22 N.J. 341, 350 (1950).
Our reversal of the judgment below is without prejudice to plaintiff's pursuing any remedy it may have against Abramson for his alleged breach of the escrow agreement.
Reversed.