196 N.J. Super. 229 (1984)
482 A.2d 50
SEARS, ROEBUCK & CO., PLAINTIFF,
v.
PHILIP ROMANO, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Bergen County.
Decided June 29, 1984.
*231 Pressler and Pressler, attorneys for plaintiff.
Kipp, Somerville & Kipp, attorneys for Garnishee, National Community Bank of New Jersey.
deCORDOVA, J.S.C.
In June, 1978 plaintiff Sears recovered a judgment by default against defendant Philip Romano. Plaintiff partially satisfied its judgment by levy on funds of the defendant, judgment-debtor in National Community Bank. Further attempts to satisfy the judgment have failed.
This matter comes before the court on plaintiff's motion to require payment from funds available to the judgment-debtor, in the same previously-levied account, under an Advance Loan Agreement with his bank. N.J.S.A. 17:9A-59.1 et seq. Judgment-debtor, although served with the motion, failed to object. The purported garnishee-bank objects to entry of the order claiming the funds available are not subject to levy or garnishment.[1]
*232 The motion culminates efforts by plaintiff to satisfy its judgment from what it claims to be a right or credit subject to execution under Article 8 of the Execution Act. N.J.S.A. 2A:17-57 et seq.[2] The relevant facts are simple. The account has no positive balance, but remains active. The parties stipulated at hearing of the motion that if the moneys available under the agreement were found subject to payment that an amount sufficient to satisfy the judgment exists on the account. Plaintiff certifies, and the garnishee does not dispute, that in 1979, 1980, 1982, and 1983 it telephoned the bank, inquired whether certain checks in various amounts would clear and was informed they would. The process-server attempted to place a levy on the account based on this knowledge and the bank replied that no funds were in the account.
Neither party raised, either in brief or at oral argument of this motion, whether the garnishee, a non-party, is subject to a summary order for payment on a right or credit under the Execution Act. N.J.S.A. 2A:17-57, 17-63. The question persists. Case law suggests that absent a specific admission of the right or credit a summary order may not be entered by the *233 court. Beninati v. Hinchliffe, 126 N.J.L. 587, 489-90 (E. & A. 1941) (reversing summary entry of order to pay, Beninati v. Hinchliffe, 125 N.J.L. 377 (Sup.Ct. 1940); see also National Cash Register Co. v. 6016 Bergenline Ave. Corp., 140 N.J. Super. 454, 457-58 (App.Div. 1976) (garnishee categorical denial bars summary turnover); Winchell v. Clayton, 133 N.J.L. 168, 170-71 (Sup.Ct. 1945) (summary procedure cannot be invoked to determine existence of debt).[3] A narrow statement of the rule established by Beninati is that when a garnishee in opposing the summary order to pay raises a fact question, either documentary or testimonial, a court lacks power to grant the summary order to pay because the jurisdictional sine qua non that the garnishee admit has not been satisfied. 126 N.J.L. 587, 589 (E. & A. 1941); N.J.S.A. 2A:17-63.
The question for the court in this motion is distinct. The garnishee objects to entry of the order because the right sought to be levied upon is not subject to seizure under Article 8. Its objection presents a legal question of the scope of the Execution Act as amended by the rights and credits supplement. The court in this narrow context, and without the objection of either plaintiff or the purported garnishee-bank, considers whether an Advance Loan Agreement between the judgment-debtor and the purported garnishee is a right or credit subject to garnishment under the Execution Act. N.J.S.A. 2A:17-57 to 64. The role of the court is distinct from that criticized in Beninati because it requires no factual determinations beyond those stipulated by the parties. The parties admit the underlying contractual relation and only differ on the legal implication that *234 the contract creates in terms of garnishment of the judgment-debtor's rights. A summary proceeding, so constrained, nevertheless assures the rights of the garnishee to protection which the admission requirement implicitly endorses. N.J.S.A. 2A:17-63; cf. N.J.S.A. 2A:17-62 (allowing separate suit for liquidation by officer).
The right which plaintiff would execute against is the contract right of the judgment-debtor to draw his account to negative balance on the bank's promise to pay drafts on that account. The Advance Loan Agreement formalizes the practice by banks of paying the overdrafts of its customers. This practice, a demand loan, alters the more typical legal relation created by a check drawn on a positive account balance. See Clark and Squillante, The Law of Bank Deposits, Collections and Credit Cards, 37 (1970). In ordinary bank deposits a bank is free to use the sum deposited as its own pursuant to the contractual obligation to repay on the terms established in the depository agreement. See Kronisch v. Howard Savings, 154 N.J. Super. 576, 590 (Ch. 1977) rev'd on other grounds, 161 N.J. Super. 592 (App.Div. 1978). The deposit creates a debtor-creditor relationship with the depositor as the creditor. The payment by a bank on a check is payment of its own funds in satisfaction of the underlying debt established by the deposit.
Plaintiff's argument in general outline is rhetorical. "What could be more of a `credit' than defendant's credit line? What could be more of a `right' than defendant's right to have amounts paid by the Bank?"
The legal underpinnings of plaintiff's argument hinge on tying its claim to the statute. N.J.S.A. 2A:17-57 ("rights and credits"). Plaintiff reinforces this by citing the construction section of the attachment statute, N.J.S.A. 2A:26-1 (liberally construed, as a remedial law for the protection of ... creditors), which statute stands as the creditor's limit in execution by garnishment. See N.J.S.A. 2A:17-57 (rights and credits include all rights and credits which may be taken by writ of attachment). *235 Although the rationale for limiting after-judgment garnishment is historical, the tie nevertheless binds.
Rights and credits garnishment expanded creditor's remedy in satisfying judgments. Note 2, supra. All rights and credits however are not subject to garnishment. See, e.g., Seventy First & Broadway Corp. v. Thorne, 10 N.J. Misc. 99 (Sup.Ct. 1932), where the court stated:
"Rights and credits" of a debtor may be attached or taken on execution. Such terms, however, although very broad and comprehensive, do not, as used in the garnishment statutes, include every kind of interest a defendant may have in property.
Id. at 103-04 (non-assignable insurance right).
It remains fairly beyond dispute that the Legislature did not contemplate demand loans, contractual overdraft privileges, or Advance Loan Agreements when it enacted rights and credits garnishment.[4] The devices did not exist. Article 8, nevertheless, taken as a whole defines a class of rights and credits that will be subject to levy. The most general test used by our courts when considering whether a right or credit is subject to garnishment is whether the right or credit is assignable by the judgment-debtor. See, e.g., Seventy First & Broadway Corp. v. Thorne, 10 N.J. Misc. 99, 104 (Sup.Ct. 1932); 38 C.J.S. 306. The contract right to draw on an account in zero or negative balance is not an assignable right. The garnishee-bank has *236 established credit for the use of the judgment-debtor himself and extends that credit based on the particular individual.
A second test used by our courts in determining whether a right or credit is subject to garnishment is whether there is an existing debtor-creditor relationship. See e.g., Cohen v. Cohen, 126 N.J.L. 605, 609-10 (Sup.Ct. 1941); Shakin v. Abrams, 12 N.J. Misc. 593, 594 (Dist.Ct. Perth Amboy 1934). Defendant's relation here with the garnishee-bank is opposite. Defendant creates the indebtedness only by his designation of a payee or alternative order for payment under the agreement. No subsisting debtor-creditor relation between the parties exists within the meaning of the Execution Act. See Cohen v. Cohen, 126 N.J.L. 605, 609 (Sup.Ct. 1941); Shakin v. Abrams, 12 N.J. Misc. 593, 595 (Dist.Ct. Perth Amboy 1934). No property of the judgment-debtor ever comes into the hands of the garnishee that is attributable to the overdraft agreement. See Russell v. Fred G. Pohl Co., 7 N.J. 32, 39 (1951) (It is axiomatic that attachment or garnishment will not lie unless there is property of the principal debtor in the hands of the third party;....).
These tests establish that the rights and credits subject to garnishment must be property of a particular sort, whether a debt or other right or credit. The property must be certain, if tangible, or presently due for intangibles such as a debt. The condition precedent to the money being presently due, a draft on the account, has yet to occur. Plaintiff's quotation from the Advance Loan Agreement between the garnishee and the judgment-debtor that:
the Bank will from time to time advance the necessary funds for the Account, up to a total at any time outstanding equal to the Credit, to pay checks and other amounts for which there is an insufficient credit balance in the Account at the time but which are otherwise chargeable to the Account ...
does not, by itself, establish that the funds may be garnished. Mere mention of "creditor" does not make the subject of the relationship available for levy. The quoted statement creates the inherent contradiction between "credit" meaning the allowable loan and "insufficient credit balance" noting the absence *237 of funds in the account. This court refuses to find that the garnishee's promise to advance funds is within the intention of the Legislature in making rights and credits proper subjects of execution. N.J.S.A. 2A:17-51; cf. Howell v. Moss Point Furniture Co., 136 Miss. 399, 101 So. 559, 560 (Sup.Ct.Miss.Div.B. 1924) (where the court refused to allow garnishment of funds available to the judgment-debtor under an oral agreement to permit overdraft). The judgment-debtor, even if the promise to loan were absolutely unequivocal, only has an unliquidated right of action based on the breach of the promise to pay the drafts on the account. The amount is not liquidated because damages exist only to the extent that a breach injures the drawer upon the "credit." Rights and credits to be subject to levy must be liquidated. Cohen v. Cohen, 126 N.J.L. 605, 610 (Sup.Ct. 1941).
For the foregoing reasons the court decides that the funds available to the judgment-debtor under an Advance Loan Agreement are not subject to levy.[5]
The court decides that this contractual relationship is not an appropriate subject for rights and credits garnishment. The Legislature enacted a statute which contained protections for the garnishee in attachment when it made right and credits a new subject of execution after judgment. Extension of that statute to a subject which was not expressly contemplated, and which is different in kind from that contemplated, should be left to the sound discretion of the Legislature. Plaintiff makes good points on the possibility of preference among creditors by the judgment-debtor, but other remedies maintain. See, e.g., supra, Note 4, and absent a rationale rooted in the statute the statute should not be read to enhance liability by the garnishee in attachment beyond the necessary import of the statute.
NOTES
[1] No reported decisions consider whether funds available under an Advance Loan Agreement, or other similar credit devices such as equity loans by draft secured by real property, are subject to either attachment or garnishment in satisfaction of judgments.

The objection of the garnishee-bank highlights the need for certainty in the liability of garnishee-banks. Check loans, whether of this sort or secured by real property in the form of equity loans, are increasingly used in the marketing of credit. Garnishment, to satisfy judgments, or for quasi in rem attachment, could greatly narrow their use or alter their form.
[2] Garnishment supplements earlier remedies available to a judgment-creditor under the Execution Act. N.J.S.A. 2A:17-1 et seq. supplemented by L. 1915, c. 115 at 182-84 codified Article 8, N.J.S.A. 2A:17-57 to 64. The procedure extended to post-judgment relief the practice of attachment by seizure and garnishment, a statutory remedy dating to 1748 which found its first expression in statute after statehood in the Act for Relief against Abscounding and Absent Debtors. See Acts of New Jersey, March 8, 1798, codified in New Jersey Laws 1821 at 355.

The supplementary remedy arose in recognition of the inadequacy of the statutory execution writ, commonly fieri facias, which causes sale of goods and chattels in the hands of judgment-debtor or others, when readily identifiable as property of the judgment-debtor. The writ failed to reach intangibles because these by definition are not identifiable. Execution on rights and credits makes bank accounts, the subject of this motion, available and Article 8 establishes the procedure. N.J.S.A. 2A:17-57 to 64.
[3] Notably the cases considering the summary order to pay authorized by L. 1915, c. 115, § 9 at 183, presently codified N.J.S.A. 2A:17-63, arose in the context of where the factual questions surrounding the existence of a debt was in question. See, e.g., Beninati v. Hinchliffe, 126 N.J.L. 587, 589-90 (E. & A. 1941) (dispute as to ownership, a fact question); National Cash Register Co. v. 6016 Bergenline Ave. Corp., 140 N.J. Super. 454 (App.Div. 1976) (finding no funds in hands of garnishee in motion to order payment under summary proceeding).
[4] The rights and credits supplement to the Execution Act, N.J.S.A. 2A:17-57 to 64, remains unamended in any relevant aspect from the time of its original enactment in 1915. L. 1915 c. 115 at 182-84; cf. L. 1969 c. 92 § 2, L. 1970, c. 287 § 2 (changing only the minimum amount required to subject rights and credits to an order for installments). The Act was recodified in 1924 but remains unchanged in material respect. 1924 Suppl. §§ 71-9b, 71-9K.

The Advance Loan Statute was originally enacted as an amendment to the Banking Act of 1948 in 1959. L. 1959, c. 91 codified at N.J.S.A. 17:9A-59.1 et seq. The present agreement comes under the substantial revision entailed in the 1968 amendment. L. 1968, c. 64, codified at id. The enactment occurred substantially after the only thoroughgoing review of rights and credits garnishment, L. 1915, c. 115, and previous to the 1959 enactment did not exist under our statutes.
[5] The court does not decide whether plaintiff may foreclose use of the overdraft privilege, which plaintiff noted at argument of the motion could result in a preference of creditors. But see N.J.S.A. 2A:17-65 (orders forbidding transfer or disposition).