281 N.J. Super. 355 (1995)
657 A.2d 897
NORBERT M. ROMAN, PLAINTIFF-APPELLANT,
v.
AMERICAN FIRE & MARINE INSURANCE COMPANY, A/K/A AMERICAN FIRE & MARINE INSURANCE COMPANY, LTD., A FOREIGN CORPORATION, DEFENDANT, AND MARINE MARKETING SERVICES, INC., INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1995.
Decided May 5, 1995.
*356 Before PETRELLA, HAVEY and BROCHIN, JJ.
*357 Luke J. Kealy argued the cause for appellant (Greenbaum, Rowe, Smith, Ravin & Davis, attorneys; William D. Grand, of counsel; Mr. Kealy, on the brief).
Christopher W. McGarry argued the cause for intervenor-respondent Marine Marketing Services, Inc. (Nowell, Amoroso & Mattia, attorneys; Mr. McGarry, on the brief).
No other party participated in the appeal.
The opinion of the court was delivered by BROCHIN, J.A.D.
Plaintiff Norbert M. Roman is a judgment creditor of defendant American Fire & Marine Insurance Co., a foreign corporation, by virtue of a default judgment for $103,233.82, including post-judgment interest and costs, which was entered in his favor in the New Jersey Superior Court on June 17, 1994. Plaintiff's New Jersey judgment is based on a default judgment entered in a Florida court on July 22, 1993. Mr. Roman's underlying claim against American Fire & Marine Insurance Co. arose from its failure to indemnify him for the loss of a boat which it had insured pursuant to a marine insurance policy purchased through a third-party insurance broker, intervenor-respondent Marine Marketing Services, Inc., a New Jersey corporation.
Respondent was not a party to the Florida action. It has intervened in the present action only in order to oppose an order for discovery and to enjoin execution on property in its possession.
The writ of execution to which respondent objects was issued by the Law Division on August 3, 1994 to satisfy the New Jersey judgment. It directs the sheriff of the appropriate county to "satisfy the said judgment out of the rights and credits, and/or personal property of the said judgment debtor...." See R. 4:59-1; N.J.S.A. 2A:17-57 et seq. Plaintiff also filed a "petition for discovery," alleging upon information and belief that "Marine Marketing Services ... is an insurance broker that markets Defendant's marine insurance policies and collects insurance premiums on behalf of the defendant."
*358 Plaintiff also sought an order requiring the president of Marine Marketing Services "to appear and make discovery upon oath, concerning the rights and credits and/or other property and things of the defendant in the possession or control of Marine Marketing Services, Inc....," and to bring with him records relating to their financial and marketing arrangements, insurance policies issued and premiums collected for defendant, bank accounts in which those premiums have been deposited, and other information. The court ordered the discovery which plaintiff requested.
Marine Marketing Services, Inc. responded by seeking an order to show cause to stay both discovery and execution. To support its application for the order to show cause, it relied on a certification of its attorney alleging that his client had informed him that collection of the documents and other information requested by the discovery order would be unreasonably onerous. The affidavit also states:
Additionally, my client has expressed tremendous concern over the Plaintiff's declared intention to attach all premiums collected by Marine Marketing for policies issued by American Fire & Marine. The disclosure that the requisite portion of the premium was not being escrowed for insurance protection but, rather was being intercepted and levied upon by the Office of the Sheriff would certainly destroy my client's business. I have also advised my client that there may be an objection to such a levy, since a paid premium does not at the point of tender instantaneously become an asset of the corporation and, therefore, would not be ripe for adverse execution. Rather, it is my understanding that such a levy would deprive the policyholder of the coverage triggered by their premium payment. Again, it is submitted that these monies must be escrowed on behalf of the policyholder.
Respondent's counsel has not explained the basis for his stated "understanding" that paid premiums are not ripe for adverse execution and that an execution against funds in its possession payable to American Fire & Marine Insurance will deprive other policyholders of their coverage.
Relying on plaintiff's petition for discovery, the certification of respondent's attorney, and the arguments of counsel, the Law Division entered an order which "stay[ed]" the discovery order previously issued by another Law Division judge and "permanently enjoined [plaintiff] from enforcing the Writ of Execution which *359 the plaintiff filed against Marine Marketing Services, Inc.... or from otherwise levying on any or all insurance premiums collected by Marine Marketing Services, Inc. on behalf of the Defendant American Fire & Marine Insurance Co." The order also temporarily restrained respondent Marine Marketing Services from dissipating or transferring any net premiums collected for defendant, but that restraint expired in accordance with its terms before argument of this appeal. Plaintiff applied to this court to continue the restraint pending appeal, but another part of our court denied that application. At oral argument, we re-imposed the restraint, and we subsequently confirmed our direction by a written order which remains in effect. See N.J.S.A. 2A:17-65[1].
On appeal, plaintiff argues that the Law Division erred both by denying discovery and by enjoining execution.
The unqualified stay of discovery was clearly error. R. 4:59-1(e) states:
In aid of the judgment or execution, the judgment creditor or successor in interest appearing of record, may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or as provided by R. 6:7-2, except that service of an order for discovery or an information subpoena shall be made as prescribed by R. 1:5-2 for service on a party.
The court could have entered a protective order limiting discovery, assessing costs, and imposing any other appropriate conditions if the scope of the discovery order was excessive, or if the expense of assembling the data was unreasonable. See R. 4:10-3. Subject to appropriate conditions, plaintiff has a right to obtain discovery in aid of execution, regardless of whether respondent has possession *360 of any assets of defendant which can satisfy plaintiff's judgment. Cf. Githens v. Mount, 64 N.J.L. 166, 44 A. 851 (Sup.Ct. 1899) (petition for discovery is severable from restraint against disposing of funds).
Plaintiff asserts two theories which, he claims, entitle him to execute against the net premiums collected by Marine Marketing Services, Inc. that are payable to American Fire & Marine Insurance Co. Relying on N.J.S.A. 17:22-6.2a,[2] he contends, first of all, that respondent holds those net premiums as defendant's agent and they are therefore subject to execution to the same extent as any other assets of defendant in New Jersey. Alternatively, plaintiff argues that the net premiums which respondent is obligated to remit to defendant are a debt owed by respondent to defendant and a credit in defendant's favor which is subject to execution pursuant to N.J.S.A. 2A:17-57 et seq., governing execution against "rights and credits."
Respondent, on the other hand, argues that N.J.S.A. 17:22-6.2a does not make it an agent of defendant for purposes of execution, and that therefore plaintiff may not levy on premiums due to defendant that are in respondent's possession. It contends that the premiums are not defendant's property. It also asserts that the Law Division correctly weighed the equities and properly exercised its discretion to deny execution.
We agree with respondent that N.J.S.A. 17:22-6.2a does not authorize a creditor to treat insurance premiums collected by a broker as the insurer's property for purposes of execution. The *361 purpose of N.J.S.A. 17:22-6.2a is to protect insureds by confirming that an insurance broker who is authorized to deliver policies has the implied or apparent authority to collect the premiums for those policies on behalf of the issuing insurer. The significance of the statute is that by treating the broker as the insurer's agent for the purpose of receiving premiums, it casts the risk on the insurer for any failure by the broker to faithfully transmit the net premiums to the issuer of the policy. See Global American Insurance Managers v. Perera Company, Inc., 137 N.J. Super. 377, 349 A.2d 108 (Ch.Div. 1975), aff'd o.b. 144 N.J. Super. 24, 364 A.2d 546 (App.Div. 1976); Commercial Insurance Company of Newark v. Apgar, 111 N.J. Super. 108, 120, 267 A.2d 559 (Law Div. 1970). The statutory agency for that limited purpose does not establish that plaintiff is entitled to execute against funds in the possession of respondent as if they were funds in defendant's possession.
However, plaintiff is entitled to execution against funds in respondent's possession without relying on N.J.S.A. 17:22-6.2a. During oral argument, counsel for respondent conceded that, as one would expect, respondent pays defendant part of what it receives as premiums from defendant's policy holders, and respondent transmits funds monthly to settle accounts between itself and defendant. Cf. Spilka v. South America Managers, Inc., 54 N.J. 452, 457, 255 A.2d 755 (1969) (describing what may be a similar method of settling accounts between an insurer, acting through a general agent, and its brokers). By virtue of that arrangement, the broker owes the insurer a debt in some amount each month, and that debt is a "right" or "credit" within the meaning of N.J.S.A. 2A:17-57 et seq. which is subject to execution.
During oral argument before our court, the question was raised whether only "earned premiums" were subject to seizure to satisfy defendant's judgment debt to plaintiff. The rationale for such a limitation would be that defendant is not unconditionally entitled to payment for its share of the premiums, and only unconditional obligations to pay are "rights or credits" subject to execution. *362 Terry v. Owatonna Canning Co., 119 N.J.L. 455, 197 A. 36 (E. & A. 1938) (payment due on future delivery of merchandise is not an unconditional debt subject to attachment); see Sears, Roebuck & Co. v. Romano, 196 N.J. Super. 229, 482 A.2d 50 (Law Div. 1984) (bank customer's overdraft privilege is not subject to garnishment); Shakin v. Abrams, 12 N.J. Misc. 593, 173 A. 136 (Dist.Ct. 1934) (deposit returnable to employee upon termination of employment is not subject to garnishment). Unearned premiums, i.e., those which are compensation for insurance coverage during a period not yet passed, must be refunded to the insured whenever an insurance policy is canceled. N.J.S.A. 17:29C-4.1. Therefore, it is arguable that because unearned premiums must be refunded in the event of cancellation, defendant's interest in the funds representing unearned premiums is contingent and not subject to execution. We suspect that the merit of such an argument in the present case depends on statutes and regulations whose implications have not been argued to us and upon the details of the contractual relationship between respondent and defendant which have not yet been disclosed. Cf. Bohlinger v. Ward & Company, 34 N.J. Super. 583, 113 A.2d 38 (App.Div. 1955), aff'd, 20 N.J. 331, 120 A.2d 1 (1956). We do not intend to decide that issue, but we mention it so that, if material, it can be developed on remand.
Assuming, arguendo, that we have the authority, as respondent contends, to balance plaintiff's right to an execution against the interests of the holders of other policies issued by defendant, we conclude that such a balancing weighs in plaintiff's favor. We have been told that defendant is a corporation organized and domiciled outside the United States, and that it is not licensed to do business in New Jersey. If defendant were an authorized "surplus lines insurer" as that phrase is defined in N.J.S.A. 17:22-6.41(b), it would be required, among other things, to "maintain in the United States an irrevocable trust fund in a state or federally chartered bank in an amount not less than $1,500,000.00 for the protection of all of its policyholders in the United States." N.J.S.A. 17:22-6.45(d)(1). If that protection *363 were in place, plaintiff would not be experiencing its present difficulties in collecting its judgment. We surmise, therefore, that defendant and respondent claim to be free of these requirements by virtue of N.J.S.A. 17:22-6.37(f), which excludes "insurances of vessels, crafts or hulls, cargoes, marine builders' risks, marine protection and indemnity or other risks including strikes and war risks commonly insured under ocean or wet marine forms of policy" from the general prohibition against the sale of insurance in this State by unauthorized insurers. The value of a policy sold under this statutory exception to State supervision depends entirely on the moral and financial integrity of its issuer. Because premiums paid to an agent or broker that has the actual or apparent authority to receive them are deemed to have reached the insurer, repudiating the policies for which they were paid would be a clear breach of the insurer's contracts with its insureds. We will not assume that defendant will breach its insurance contracts. But if it chooses to do so, its insureds will be better off experiencing such evidence of its unreliability before they sustain a loss rather than afterwards.
We hereby vacate the Law Division's order of September 2, 1994, which stayed discovery and enjoined enforcement of the writ of execution against respondent Marine Marketing Services. N.J.S.A. 2A:17-58 provides that "Rights and credits shall be levied upon and taken as property is taken under writs of attachment against nonresident debtors." R. 4:60-7 directs that
The sheriff shall make the levy [under a writ of attachment] within 30 days from the date of the writ, in the following manner: ... (e) In the case of choses in action not referred to in paragraphs (c) [those evidenced by negotiable instruments] or (d) [negotiable investment securities] of this rule, by serving a certified copy of the writ upon the person owing the same.
Because more than thirty days have expired since the issuance of the writ of execution in this case, a new writ should be obtained and the sheriff should be directed to serve it on respondent in accordance with R. 4:60-7(e). Notice of the levy should be given to defendant in accordance with R. 4:60-9 and N.J.S.A. 2A:17-63. If the respondent or the defendant contests the levy, a hearing *364 will be necessary, and if there is a genuine factual dispute, an evidentiary hearing will be required. See R. 4:59-1; R. 4:60-11, -14, -15; 2A:17-63; National Cash Register Co. v. 6016 Bergenline Ave. Corp., 140 N.J. Super. 454, 356 A.2d 447 (App.Div. 1976).
This case is remanded for further proceedings consistent with this opinion. The Law Division will have full control over the injunction which we issued enjoining the transfer of the funds in respondent's possession representing the net premiums collected from defendant's policyholders. We do not retain jurisdiction.[3]
NOTES
[1] The statute states:

In aid of execution, the superior court, upon proof by the oath of the party or his or its agent or attorney or of any other person, showing facts establishing that the judgment debtor has property or any other person owes him or it or holds money ... in possession or ... in trust for him or it ... may make an order forbidding the payment of such debt, or the transfer of such property or money by or to such debtor, or any third person until the further order of the court. The term "property" shall include rights and credits as defined in article 8 of this title.
[2] "Any insurer which delivers in this State to any insurance broker a contract of insurance (other than a contract of life insurance, or life, accident or health insurance) pursuant to the application or request of such broker, acting for an insured other than himself, shall be deemed to have authorized such broker to receive on its behalf payment of any premium which is due on such contract at the time of its issuance or delivery or payment of any installment of such premium or any additional premium which becomes due or payable thereafter on such contract, provided such payment is received by such broker within 90 days after the due date of such premium or installment thereof or after the date of delivery of statement by the insurer of such additional premium."
[3] Because we are concerned about the implications of what appear to be the facts of this case, we will send a copy of this opinion to the Commissioner of Insurance. We suggest that the Department consider whether new legislation or regulations should be adopted to provide protection for New Jersey residents who purchase marine insurance from New Jersey brokers.