■ ALL ISLAND CREDIT CORP., Appellant, v LINCOLN GENERAL INSURANCE COMPANY, Respondent. [853 NYS2d 386]—

The plaintiff All Island Credit Corp. is a premium finance company which entered into a premium finance agreement (hereinafter the finance agreement) with the nonparty insured (hereinafter the insured) to finance the premiums due and payable under a certain policy of insurance issued by the defendant Lincoln General Insurance Company to the insured. The financed premiums were forwarded to the nonparty broker KRL Enterprises, Ltd. (hereinafter KRL) who, in turn, forwarded the financed premiums to Northern Financial Group, Inc., an agent of the defendant, by a check drawn against KRL's premium account (hereinafter the check). After the insured defaulted in its payments under the finance agreement, the plaintiff, inter alia, sent a notice of cancellation of the policy to, among others, the defendant. The defendant canceled the policy at the plaintiff's request (hereinafter the cancellation), but did not return the unearned premiums to the plaintiff.

The plaintiff commenced this action for the return of the unearned premiums under the concededly applicable New Jersey

law (*see* NJ Stat Ann § 17:16D-14). The plaintiff moved for summary judgment on the complaint. The Supreme Court denied the motion. We reverse and grant that branch of the motion which was for summary judgment on the issue of liability and remit the matter for an inquest on damages.

New Jersey Statutes Annotated § 17:16D-14 (a) provides that when "a financed insurance contract is canceled, the insurer on notice of such financing shall return whatever gross unearned premiums are due under the insurance contract to the premium finance company for the account of the insured or insureds within a reasonable time, not to exceed 60 days after the effective date of cancellation." The plaintiff demonstrated its entitlement to judgment as a matter of law on the issue of liability by the submission of the finance agreement, a copy of the canceled check, the notice of financed premium, the notice of cancellation, the defendant's responses to interrogatories, and a sworn affidavit of Mark Kohn, the plaintiff's senior vice-president, establishing its right to the unearned premiums under the policy.

In opposition, the defendant failed to raise a triable issue of fact on the issue of its liability through the affidavit of its staff attorney and the "acknowledgment of financed premium," which merely corroborated the material facts upon which the plaintiff's motion for summary judgment was predicated. To the extent that the defendant claims that it never received the premiums from the broker and/or its agent, any loss attributable thereto is a risk borne by the defendant, as the insurer (*see Roman v American Fire & Mar. Ins. Co.*, 281 NJ Super 355, 361, 657 A2d 897 [1995]; *Global Am. Ins. Mgrs. v Perera Co., Inc.*, 137 NJ Super 377, 349 A2d 108 [Chancery Div 1975], *affd on op below* 144 NJ Super 24, 364 A2d 546 [App Div 1976]).

However, there exists a triable issue of fact as to the amount of unearned premiums due at the time of the cancellation, thereby requiring that the matter be remitted to the Supreme Court, Suffolk County, for an inquest on damages.

The defendant's remaining contentions are without merit. Skelos, J.P., Fisher, Covello and Eng, JJ., concur.