**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4370-14T2

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

MID POINT RECYCLING, LLC,
a/k/a MID PAST RECYCLING,
a/k/a NU WAY RECYCLING,
ALLEN E. HAIRSTON, II,
JULIAN PORTER and R.
VINCENT BOVE,

    Defendants,

and

TD BANK, N.A.,

    Garnishee-Respondent.

_____

        Argued January 24, 2017 — Decided  February 14, 2017

        Before Judges Messano and Espinosa.

        On appeal from the Superior Court of New
        Jersey, Law Division, Essex County, Docket
        No. DC-24700-13.

        Robert J. Triffin, appellant, argued the
        cause pro se.

Michael J. Watson argued the cause for respondent (Brown & Connery, LLP, attorneys; Mr. Watson and Jeffrey R. Johnson, on the brief).

PER CURIAM

Plaintiff Robert J. Triffin purchased a dishonored check from a check cashing agency drawn on Account Number 4250540535[1] in the name of Mid Point Recycling LLC (Mid Point). He then sought to collect that amount from Mid Point and obtained a default judgment in the amount of $943.05. On April 7, 2014, a Writ of Execution and levy was issued for service by a constable upon TD Bank, N.A. The return on the levy, dated April 21, 2014, reflects TD Bank's response of "no accounts" and a handwritten notation: "4250540535 copy of check."

Triffin appeals from an order entered on April 10, 2015, that denied his motion for an order to show cause (OTSC) why TD Bank should not be found in contempt "for its failure to fully disclose the status of all accounts and all property and monies, TD Bank owed to" Mid Point and why it should not be liable for the full amount of a writ of execution entered against the judgment debtor.

In support of this motion, Triffin submitted a certification in which he referred to the constable's report of April 2014 and

---

[1] According to the record, this is not an "active financial account number" and therefore is not confidential. R. 1:38-7(a).

attached as exhibits email correspondence between his office and one "Mev Kira" with an email address of mev@evictionsnj.com. In one of those emails, Mev Kira stated the account was closed and asked if Triffin had a Tax ID. Communications from Triffin and Rita Genovese, his Director of Operations, to Kira state a second dishonored check had been purchased that was drawn on a different Mid Point account at TD Bank. The exhibits indicate that the constable was copied on some of the emails referencing the account for the second dishonored check. During the period from July 2014 through March 2015, there were repeated requests to Kira to ascertain the status of the bank levy.

On March 11, 2015, approximately one year after the levy was first served, Genovese sent an email directly to Jason Sbalcio, Legal Processing Manager for TD Bank. The email states that a copy of a dishonored check issued on July 18, 2014 drawn on a different account number is attached and requests information on the status of that account and the levy. The email represents that this check was presented to the bank by the constable when he served the levy. However, the date of the check reported in the email indicates the check was issued three months after the levy was served.

Sbalcio replied promptly by email the same day, informing Triffin, "We only communicate with the Constable in these matters.

Constable Bove's office can contact us at 856-380-2675 to receive a status." Triffin filed the motion that is the subject of this appeal five days later.

The motion did not seek any emergent or injunctive relief. Triffin argued he had made five requests of the constable and "one request of TD Bank's levy department manager, Jason Sbalcio, and all to no avail, to resolve the status of Mid Point's referenced unaccounted for second checking account." Characterizing TD Bank's conduct as "egregious unclean hands in refusing to account for Mid Point's missing second account," Triffin asked the court to hold TD Bank liable for the full amount of the writ of execution with levy.

In opposing the motion, TD Bank argued: service of the OTSC upon TD Bank by email was ineffective; the OTSC was procedurally deficient because it was not accompanied by a verified complaint or affidavit as required by Rule 4:67-2(a); the claims asserted and relief sought are not available through an OTSC or application to proceed summarily pursuant to Rule 4:67; the motion to hold TD Bank liable for the judgment lacks merit.

The trial judge denied Triffin's requests for relief and issued a written statement of reasons. Citing Rules 4:52-1 and -2, the judge found Triffin's failure to file a verified complaint or affidavit as grounds for the denial of the motion.

A-4370-14T2

On appeal, Triffin argues that Rasner v. Carney, 108 N.J.L. 426 (Sup. Ct. 1932) created "a full and complete remedy at law to redress a garnishee's failure to respond to a properly served and substantively complete garnishment execution" and that the trial court erred in failing to abide by that holding. He also argues TD Bank waived: (1) any challenge to the efficacy and service of the writ of execution with garnishment and (2) any argument that the second checking account was not open or lacked sufficient funds to satisfy the judgment. After reviewing these arguments in light of the record and applicable principles of law, we conclude they lack sufficient merit to warrant discussion beyond the following brief comments. R. 2:11-3(e)(1)(E).

As we have noted, Triffin did not seek emergent or injunctive relief. Therefore, the requirements of Rule 4:52-1 do not apply. Still, because Triffin's motion was properly denied for other reasons, we affirm. See Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) ("[A]ppeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion."); Velazquez v. Jiminez, 336 N.J. Super. 10, 43 (App. Div. 2000), aff'd, 172 N.J. 240 (2002).

The chronology of events as reported by Triffin reflects that one request was made of TD Bank to inquire into a second Mid Point

account; that the bank promptly replied it would discuss the matter only with the constable and provided contact information; and that five days later, the motion seeking a judgment against the bank on equitable grounds was filed.

Rasner was the sole support provided for this demand. Triffin argues that the court held a garnishee's failure to either deny or admit that a garnishee owes a debt to a judgment debtor is tantamount to a garnishee's conclusive admission that the garnishee owes a debt to a judgment debtor for the amount levied upon.[2] Triffin's reliance is misplaced.

In Triffin's view, the garnishee was required to admit or deny the debt owed by the judgment debtor and, failing to do so, the garnishee became liable for the full amount of the judgment. But neither the statute relied upon in Rasner nor N.J.S.A. 2A:17-63, its current iteration, is designed to shift the obligation of a judgment debtor to a garnishee who owes no debt to the judgment creditor. Rasner recites the relevant statutory authority as follows:

> [A]fter levy shall have been made upon any debt due from a third person to the judgment

---

[2] The language in Rasner relied upon by Triffin to the effect that a failure to admit or deny is tantamount to a conclusive admission was explicitly rejected by the Court of Errors and Appeals in Beninati v. Hinchliffe, 126 N.J.L. 587 (E. & A. 1941). The Court made clear that an order under the relevant statute "may be made only when the garnishee admits the debt." Id. at 590.

<u>debtor</u> the court may make an order upon such garnishee and the judgment debtor to show cause why the said debt to an amount not exceeding the sum necessary to satisfy the execution shall not be paid to the officer holding the same; and upon the hearing had on the return of the order to show cause <u>may require the garnshishee to pay said debt if he admits it</u>, to the officer holding the execution.

[<u>Id.</u> at 428-29 (emphasis added).]

The language, "if he admits it" relates to whether the garnishee admits having a debt due to the judgment debtor. The statute was therefore applicable in <u>Rasner</u>, where the levy was upon rents <u>due to the judgment debtor</u> from her tenants. <u>Id.</u> at 427.

Triffin sought to levy upon an account owned by the judgment debtor, not upon any debt TD Bank owed to the judgment debtor. Therefore, neither <u>Rasner</u> nor <u>N.J.S.A.</u> 2A:17-63 provide any authority for the relief sought in his motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4370-14T2