■ RAYMOND WARD, Respondent, v GEORGE K. GRESHAM et al., Respondents, and STATE FARM INSURANCE COMPANY, Appellant. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Sued Herein as STATE FARM INSURANCE COMPANY, Third-Party Plaintiff-Appellant, v KINGS PREMIUM SERVICE CORP., Third-Party Defendant-Respondent. — Judgment of the Supreme Court, New York County (Ascione, J.), entered on February 26, 1982, which, following a trial without a jury, declared the cancellation of the insurance policy by defendant-appellant State Farm Insurance Company, financed through third-party defendant Kings Premium Service, to be invalid and that State Farm Insurance Company is obligated to defend and indemnify defendant-respondent George K. Gresham with respect to any claims arising out of the accident of September 28, 1979, is reversed, on the law and the facts, without costs or disbursements, and it is declared that the policy was validly canceled and defendant-respondent Motor Vehicle Accident Indemnification Corporation should appear and defend George K. Gresham. Defendant-respondent George K. Gresham entered into a premium finance agreement with Kings Premium Service Corp. under which he obtained an automobile liability insurance policy from defendant-appellant State Farm Insurance Company, effective June 27, 1979. Although Gresham made an initial down payment, he failed to meet any further installments. On August 6, 1979, Kings Premium sent Gresham a notice of intent to cancel if payment was not received by August 22.

When no further remittance was forthcoming, Kings Premium mailed out a notice of cancellation of the insurance policy, effective the next day, which was August 28, 1979. On September 28, 1979, Gresham's vehicle was involved in an accident with plaintiff Raymond Ward, who was riding a bicycle at the time. State Farm disavowed coverage, so Ward filed notice with Motor Vehicle Accident Indemnification Corporation (MVAIC). However, MVAIC denied responsibility on the ground that State Farm's policy was still in effect. Ward thereupon commenced the instant declaratory judgment action. Following a nonjury trial, the court held that the cancellation of the insurance policy was invalid and State Farm was, thus, obligated to defend Gresham. According to the court, the insurer did not provide Gresham with an opportunity to cure a default prior to an unconditional cancellation — that is, the second notice, dated August 27, 1979, and effective the next day, was inadequate. The court also found that Kings Premium received and retained unearned premiums from State Farm in excess of any amount due to Kings Premium under the finance agreement and that these premiums had been returned to Kings Premium for the benefit of the insured. In addition, the court *sua sponte* ruled that the cancellation was defective in not having been filed within 30 days with the Commissioner of Motor Vehicles pursuant to section 576 (subd 1, par [g]) of the Banking Law. We disagree with the court's determination that the cancellation was not validly executed. First, it must be noted that the notice of cancellation was in compliance with section 576 (subd 1, par [d]) of the Banking Law which states that: "After the notice in paragraph (a) above has expired, the premium finance agency may thereafter, in the name of the insured, cancel such insurance contract by mailing to the insurer a notice of cancellation stating when thereafter the policy shall be cancelled". Since Gresham received the written notice specified in paragraph (a) of subdivision 1, the notice of cancellation had only to provide when thereafter the policy would be canceled which, in the instant case, was the following day. There is nothing in the statute requiring that the insured be given two separate 10-day periods in which to cure the default. (*Matter of Fagan v Liberty Mut. Ins. Co.,* 85 AD2d 637.) Similarly, the Banking Law does not hold that the insurer shall be liable for the failure of the premium finance agency to return moneys in excess of the financed amount. Section 576 (subd 1, par [f]) of the Banking Law merely declares that: "The insurer or insurers within a reasonable time not to exceed sixty days after the effective date of cancellation, shall return whatever gross unearned premiums are due under the insurance contract or contracts on a short rate basis to the premium finance agency for the benefit of the insured or insureds." Acceptance of Special Term's construction of this provision would result in the insurer being compelled to continue coverage because of the inaction of the premium finance agency despite the insurer's full compliance with the terms of the statute. Moreover, the record does not support a conclusion that Kings Premium actually retained any excess moneys. Finally, we agree with the view expressed by the Second Department that: "It is no longer necessary to file a notice of cancellation of an automobile insurance policy, either under section 576 (subd 1, par [g]) of the Banking Law (by a premium finance company) or under section 313 of the Vehicle and Traffic Law (by the insurer)" (*Matter of Worrell v MVAIC,* 58 AD2d 813). Pursuant to regulation by the Commissioner of Motor Vehicles (15 NYCRR 32.1), beginning June 1, 1972, the need to file a certificate of insurance or notice of termination of insurance with the commissioner under article 6 of the Vehicle and Traffic Law was eliminated. Clearly, the applicability of the regulation is not limited to cancellation of insurance under section 313 of the Vehicle and Traffic Law since section 576 (subd 1, par [g]) of the Banking Law requires

filing only where mandated by the Vehicle and Traffic Law. Consequently, the policy having been validly canceled, defendant-respondent Motor Vehicle Accident Indemnification Corporation should appear and defend George K. Gresham. Concur — Murphy, P. J., Carro, Asch, Silverman and Milonas, JJ.