PREMINS COMPANY, INC., Respondent, v TRAVELERS INDEMNITY Co., Appellant. [831 NYS2d 462]—

In an action, inter alia, to recover certain unearned insurance premiums and for a judgment declaring that the plaintiff is entitled to the return of gross unearned insurance premiums, without offset, upon the cancellation of all insurance policies written by the defendant that were financed by the plaintiff, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Francois Rivera, J.), dated March 15, 2005, as denied its motion for summary judgment, granted that branch of the plaintiff's cross motion which was for summary judgment on the first cause of action, and granted that branch of the plaintiff's cross motion which was for summary judgment on the second cause of action to the extent of declaring that it was illegal and improper for the defendant to deduct an unpaid past due balance, owed to it by an insured on a previously issued policy, from any refunds owed by it to the plaintiff for premiums on cancelled insurance policies written by it and financed by the plaintiff, and (2) from a judg-

ment of the same court dated October 7, 2005, which, upon the order, inter alia, is in favor of the plaintiff and against it in the principal sum of $169, declared that it was illegal and improper for the defendant to deduct an unpaid past due balance, owed to the defendant by an insured on a previously issued policy, from any refunds owed by the defendant to the plaintiff for premiums on cancelled insurance policies written by the defendant and financed by the plaintiff, and permanently enjoined the defendant from continuing that practice.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the first and second decretal paragraphs thereof and substituting therefor a provision declaring that the defendant's practice of deducting the unpaid past due balance owed to it by an insured on a previously issued insurance policy, from the unearned premiums due from it to the plaintiff and other premium finance agencies, upon the cancellation of an insurance policy that has been financed, in whole or in part, by the plaintiff or such premium finance agency pursuant to article 12-B of the Banking Law, violates Banking Law § 576 (1) (f), Insurance Law § 3428 (d), and the New York Automobile Insurance Plan § 14 (E) (2) (i) and § 18 (5), and (2) by adding a provision thereto directing the defendant to return the unearned premiums due under the current policy it issued to Luis Lopez without such offset; as so modified, the judgment is affirmed, with costs to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Pursuant to article 53 of the Insurance Law, all insurance companies licensed to write motor vehicle liability insurance in New York State are required to participate in the New York Automobile Insurance Plan (hereinafter the NYAIP). The primary purpose of the NYAIP is to provide for the "equitable apportionment among such insurers of applicants for such insurance who are in good faith entitled to but are unable to procure it through ordinary methods" (Insurance Law § 5301 [a]). The NYAIP is administered by the Superintendent of Insurance and a governing committee, who have established a comprehensive regulatory scheme which governs the rights and liabilities of the parties to assigned risk insurance contracts (*see* Insurance

Law § 5301 [b]; *Matter of Bowley Assoc. v State of N.Y. Ins. Dept.*, 98 AD2d 521, 526-527 [1984], *affd* 63 NY2d 982 [1984]; *Aetna Cas. & Sur. Co. v O'Connor*, 8 NY2d 359, 362 [1960]).

In 2000 the NYAIP assigned to the defendant Travelers Indemnity Co. (hereinafter Travelers) the obligation to provide an automobile liability insurance policy covering Luis Lopez. Travelers underwrote such an automobile liability insurance policy (hereinafter the first policy) for a term of one year. After Lopez defaulted on the payments, Travelers cancelled the first policy and notified Lopez that he still owed $169 for the period of coverage. In 2001 the NYAIP again assigned Lopez to Travelers, which underwrote a second policy covering a different one-year term than the first policy (hereinafter the second policy). Lopez's insurance broker sent a $355 deposit directly to Travelers, which deducted $169 from the deposit to pay the outstanding balance due on the first policy, and carried the difference on its books as debt owed by Lopez.

At about the same time, Lopez entered into an insurance premium finance agreement with the plaintiff, Premins Company, Inc. (hereinafter Premins), which agreed to finance a portion of the premium for the second policy. Upon Lopez's default in payments on the second policy, Premins directed Travelers to cancel the second policy. Instead of returning the gross unearned premiums to Premins, Travelers deducted, from that amount, the $169 that it had allocated towards the payment of the balance due on the first policy. Premins commenced this action to recover the $169, and for a judgment declaring that, upon the cancellation of a financed insurance policy, it was entitled to recover the gross unearned premiums without any offset for the insured's past debts.

Contrary to Traveler's contention, Banking Law § 576 (1) (f), Insurance Law § 3428 (d), and NYAIP § 14 (E) (2) (i) and § 18 (5) expressly provide that, upon the cancellation of a financed insurance policy, the insurance carrier must return the gross unearned premiums due under the insurance contract to the premium finance agency, subject to the retention of a certain minimum earned premium. The current regulatory scheme, however, does not permit the insurance carrier to deduct a debt incurred by the insured on a previously issued policy (*see e.g. A.I. Credit Corp. v Liberty Mut. Ins. Co.*, 1996 WL 3962, 1996 US Dist LEXIS 24 [SD NY, Jan. 3, 1996]).

As a general rule, the language of a statute must be given its ordinary meaning without resorting to a forced or unnatural interpretation (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 232; *Matter of Theroux v Reilly*, 1 NY3d 232, 240 [2003]; *Castro*

*v United Container Mach. Group,* 96 NY2d 398, 401 [2001]). Moreover, where, as here, the governing regulations are complementary, rather than in conflict, they must be construed harmoniously (*see Matter of ELRAC, Inc. v White,* 299 AD2d 546, 547 [2002]).

We note that the judgment has been modified to clarify the scope of the declaration. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.