OPINION OF THE COURT
Debra A. James, J.
*271 The issue of first impression presented on the parties’ respective motions for summary judgment is whether Insurance Law § 3428 (d) requires an insurance company to refund to a premium finance company gross unearned premiums in excess of the payments made upon the policy when the insurance policy is terminated/cancelled. For the reasons that follow the court holds that the statute imposes no such requirement upon the insurer and that the insurer here met its refunding obligation.
Plaintiff is a premium finance agency that is “engaged ... in the business of entering into premium finance agreements with insureds.” (Banking Law § 554 [7] [a].) Plaintiff entered into a premium finance agreement (see Banking Law § 554 [8] [“a promissory note or other written agreement by which an insured promises or agrees to pay . . . the amount advanced . . . under the agreement to an authorized insurer”]) dated April 8, 2008, with defendant-insured Gotham Logistics, Inc. (see Banking Law § 554 [4] [“ ‘(i)nsured’ means a person who enters into a premium finance agreement with a premium finance agency”]). The agreement set forth that the cash price of the insurance policy being financed was $90,522 and the cash down payment was $22,631. The truth-in-lending disclosures therein stated that the amount financed was $67,891 with a finance charge of $4,869.77 (a 16.9% annual interest rate) for total payments of $72,760.77. The payment schedule called for nine monthly payments beginning on May 5, 2008 in the amount of $8,084.53. The agreement also set forth that the insured “assigns a security interest in all unearned premiums which may become payable under the financed insurance policies” and that if the insured failed to pay as agreed, the insured “appoint[ed] ALL ISLAND, its successors and/or assigns as my ATTORNEY-IN-FACT [and] ALL ISLAND may legally cancel the insurance policy(ies) shown on this agreement, receive any unearned premiums from the insurer(s) and apply these unearned premiums to [the] loan balance.”
Country-Wide issued a motor vehicle insurance policy to defendant Gotham Logistics with an effective date of April 8, 2008. The annual cost of the policy was $90,337 plus an additional vehicle fee of $160.* On May 15, 2008, Country-Wide received a payment from All Island for Gotham Logistics in the amount of $67,891. According to All Island, “Gotham Logistics, Inc., paid *272 the down payment in sum of $22,631.00, which were not in good funds and thereafter failed to cure [the] default.” Thereafter, All Island issued a notice of cancellation dated June 4, 2008, based upon the past due amount. Country-Wide in its affidavit states that it received the notice of cancellation on June 3, 2008, and cancelled the policy as of July 8, 2008 “based upon ICC rules that mandate to properly cancel the endorsement the insurance carrier must give thirty-five (35) days notice to the insured motor carrier.”
Country-Wide states that it calculated the return premium due to All Island upon the cancellation of the policy using a pro rata method. Based upon the April 8 effective date of the policy and the July 8 cancellation date Country-Wide calculated that the policy was in effect for 90 days. The annual total cost of the issued policy for purposes of proration was deemed to be $90,337. The percentage of the year that the policy was in force was determined to be 24.9%. The percentage was multiplied by the annual policy cost to yield a total of $22,493.91; that is the total cost for the 90 days the policy was in effect.
The parties do not dispute that a refund was due to All Island as the premium finance company nor do they dispute that the pro rata method was the correct calculation to determine the cost of the policy for the time it was in force prior to its effective cancellation. Instead the dispute is over the amount of the refund and in particular how it should be calculated pursuant to Insurance Law § 3428 (d).
Plaintiff All Island moves for summary judgment against Country-Wide on the first two causes of action in the complaint for, respectively, monetary damages, the balance of unearned premiums it alleges it is owed, and a declaration that it is entitled to gross unearned premiums based upon the full cost of the insurance policy. Country-Wide cross-moves for summary judgment dismissing the complaint against it on the grounds it has paid the amounts required by the statute or in the alternative to amend its answer to assert a cross claim against Gotham Logistics.
Insurance Law § 3428 (d) provides that
“[w]henever an insurance contract the premiums for which are advanced under a premium finance agreement as defined in section five hundred fifty-four of the banking law, is cancelled, the insurer or insurers within a reasonable time not to exceed sixty days after the effective date of the cancellation shall *273 return whatever gross unearned premiums are due under the insurance contract or contracts to the bank, lending institution, premium finance agency or sales finance company, for the benefit of the insured.”
The court has noted that this statute and its implementing regulations “expressly provide that, upon the cancellation of a financed insurance policy, the insurance carrier must return the gross unearned premiums due under the insurance contract to the premium finance agency, subject to the retention of a certain minimum earned premium.” (Premins Co., Inc. v Travelers Indent. Co., 37 AD3d 799, 801 [2d Dept 2007].) The Court held that the statutory language is clear that the insurance carrier may not make any deductions from the refund except as provided for in the statute. (Id.)
In this case, Country-Wide refunded to All Island the amount of $45,212. Country-Wide argues that since All Island remitted to it $67,891 in partial payment upon the policy, the unearned premium should equal that amount minus $22,493.91 and the $160 vehicle fee — the total earned premium prior to the cancellation of the policy therefore being $22,653.91. The court notes that Country-Wide fails to explain, and All Island Credit fails to challenge, the $25.09 difference between the amount that was actually refunded and the difference between the partial payment and earned premium and vehicle fee.
All Island argues that because the gross value of the policy was $90,337, the total earned premium should be deducted from that amount resulting in a gross unearned premium of $77,546 that should have been remitted to All Island by Country-Wide.
The issue of statutory interpretation presented here is the meaning of the phrase “return whatever gross unearned premiums are due under the insurance contract . . . for the benefit of the insured.” The court agrees with Country-Wide that the plain meaning of the statute requires an insurer to refund only amounts that were actually paid to it or its agent.
All Island argues that unearned premiums should be calculated based upon the full price or value of the financed insurance policy whether or not the finance company and/or the insured has actually paid, in whole or in part, any money towards the policy to the insurer. All Island interprets the phrase “gross unearned premiums” as representing the value of the premiums due for the remaining period following the cancellation or termination of the policy irrespective of whether such *274 premiums were actually paid. Such a construction is illogical and contrary to the plain terms of the statute.
The statute speaks of the “return” of gross unearned premiums. Implicit in that term is that the insurer has received premiums which it is now obligated by law to return. (See All Is. Credit Corp. v Lincoln Gen. Ins. Co., 49 AD3d 573, 574 [2d Dept 2008] [interpreting New Jersey’s statute concerning return of unearned premiums to premium finance company upon proof payment of premiums].) The interpretation urged by All Island would lead to a windfall where, as here, the full premium was paid by neither the insured or premium finance company because the insurer would be obligated to refund monies it never received. The facts presented here are illustrative of this incongruity as All Island only remitted $67,891 to Country-Wide yet is seeking “refunds” of $77,546. There is no assertion by any party that Gotham Logistics paid any amount of the premium.
The plain meaning of Insurance Law § 3428 (d) evinces no intent to confer such a windfall upon premium finance companies. The statute by its terms indicates that the purpose of requiring the insurer to refund the unearned premiums is “for the benefit of the insured.” The statute contemplates that any funds loaned by the premium finance company which are not earned by the insurer due to the termination of coverage should be refunded to the finance company to be applied to the account of the insured. (See e.g. Ward v Gresham, 92 AD2d 468, 469 [1st Dept 1983] [insurer is only obligated to return moneys to premium finance agency and has no further duty to insured].)
As there are no issues of contested fact present on the current record of transactions between the movant and cross movant, the court shall grant summary judgment to the plaintiff All Island on the first cause of action in the amount of $25.09 which is the difference between the amount that was actually refunded by Country-Wide and the amount that should have been refunded, that is the difference between All Island’s partial premium payment on the policy and the earned premium and vehicle fee. The court shall grant summary judgment to cross movant Country-Wide on the second cause of action declaring that the amount of gross unearned premiums due to plaintiff All Island is the equal to the amount remitted by All Island and the insured to Country-Wide in payments upon the policy reduced by the earned premiums prior to the cancellation date of the policy and any attendant policy fees.
*275 Accordingly, it is ordered, adjudged and declared that the cross motion of defendant Country-Wide Insurance, Co., to dismiss plaintiff’s second cause of action is granted and it is declared that pursuant to Insurance Law § 3428 (d) defendant Country-Wide Insurance, Co., is obligated to return to plaintiff All Island Credit Corp. the amount of gross unearned premiums based upon a cancellation date of July 8, 2008, calculated as the total amount of premiums paid upon the policy by All Island Credit Corp. and its assignor-insured defendant Gotham Logistics, Inc., reduced by the amount of premiums earned by the defendant Country-Wide Insurance, Co. prior to the cancellation/ termination of the policy including any statutorily permissible fees included in the policy premium; and it is further ordered and adjudged that plaintiffs motion for summary judgment on its first cause of action is granted, and the Clerk is directed to enter judgment in favor of plaintiff All Island Credit Corp. and against defendant Country-Wide Insurance, Co., in the amount of $25.09 with interest at the statutory rate from the date of July 8, 2008, until the date of entry of judgment, as calculated by the Clerk in the amount of $_; and it is further ordered that the relief sought is otherwise denied; and it is further ordered that this action is severed as to defendant CountryWide Insurance, Co., and the Clerk may enter judgment as to the claims against defendant Country-Wide Insurance, Co., accordingly, and the remainder of this action shall continue.

 The parties do not explain the $25 difference between the “cash price” of $90,522 set forth in the premium finance agreement and the $90,497 amount (including $160 “vehicle fee”) claimed to be the actual cost of the policy.