■ GOLDSTONE AMBER STREET REALTY CORP., Respondent, v NEW YORK MARINE AND GENERAL INSURANCE COMPANY, Appellant, and GNP BROKERAGE US, INC., Also Known as GNP BROKERAGE CORP., et al., Respondents, et al., Defendant. [7 NYS3d 213]—

In an action, inter alia, for the return of unearned insurance premiums due upon the cancellation of a financed insurance policy, the defendant New York Marine and General Insurance Company appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 8, 2012, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the cross motion of the defendant New York Marine and General Insurance Company for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff secured a commercial general liability insurance policy from the defendant New York Marine and General Insurance Company (hereinafter NY Marine) for the period from June 6, 2008, to December 6, 2010, in connection with a project for the construction of two six-story multi-unit residential buildings in Brooklyn. The policy provided that the plaintiff may cancel the policy "by mailing or delivering to us advance written notice of cancellation." The policy was procured by the plaintiff's insurance broker, the defendant GNP Brokerage US, Inc., also known as GNP Brokerage Corp. (hereinafter GNP), and its president, the defendant Chaim Goldberger (hereinafter together the GNP defendants). Pursuant to the terms of the policy, the plaintiff paid, in installments, a deposit premium totaling $120,000, which the plaintiff alleged was financed by GoToPremiumFinance.com (hereinafter GoToPremium), a premium finance company. The financed premium installments were forwarded to the GNP defendants, who, in turn, purportedly forwarded the financed premium to Program Brokerage, an agent of NY Marine.

Effective August 3, 2010, NY Marine canceled the policy after the plaintiff defaulted in its payments to another premium finance company, AFCO. NY Marine canceled the policy at AFCO's request, and returned the sum of $16,411.38 in unearned premium to the plaintiff. The refund was calculated pursuant to the terms of an endorsement to the policy, which provided that the premium due upon cancellation of the policy by the insured or the insured's finance company shall be the greater of three figures. The greater of those three figures in this case was the minimum premium of $120,000, multiplied by the applicable short-rate earned premium factor. The short-rate return premium was defined in the policy as the pro rata return premium multiplied by 90%.

The plaintiff commenced this action against, among others, NY Marine, to recover damages for breach of contract and unjust enrichment and for the return of $90,000 in unearned premiums allegedly due under the policy. According to the plaintiff, it ceased work on the project in May 2009 and, in June 2009, told the GNP defendants to cancel the policy and requested a refund of unearned premium. The plaintiff further alleged that the GNP defendants did not remit the $120,000 paid to them by GoToPremium with respect to this policy, and instead, kept the money and refinanced the payment of the premium through another premium finance company, AFCO. In their answer, the GNP defendants asserted cross claims against NY Marine for indemnification and violation of Insur-

ance Law § 3428 (e), which provides that, upon the cancellation of a financed insurance policy, the insurance carrier must return the gross unearned premiums due under the insurance contract to the premium finance agency, subject to the retention of a certain minimum earned premium.

The plaintiff moved, inter alia, for summary judgment on its cause of action alleging breach of contract asserted against NY Marine. NY Marine cross-moved for summary judgment dismissing the complaint all cross claims insofar as asserted against it, on the ground that it properly calculated the unearned premium using the pro rata method provided for in the policy, based upon a calculation that the policy was in effect for 788 days, from its effective date of June 6, 2008, until its cancellation date of August 3, 2010. In opposition, the GNP defendants argued that the unearned premium should have been calculated based on an audit of the actual project cost at the time that the policy was canceled. The Supreme Court, inter alia, denied the GNP defendants' cross motion for summary judgment.

NY Marine established its prima facie entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by demonstrating that it returned the proper amount of unearned premium, based upon the cancellation date of August 3, 2010 (see *Premins Co., Inc. v Travelers Indem. Co.*, 37 AD3d 799, 801 [2007]). As noted, to properly cancel the policy, the plaintiff was required to deliver to the carrier "advance written notice of cancellation," which it failed to do. In opposition, the plaintiff and the GNP defendants failed to raise a triable issue of fact. If the premium was in fact double-financed by two finance companies, any dispute concerning the "double financing" of the premium is between the plaintiff and its broker, and does not involve NY Marine.

Contrary to the GNP defendants' contentions, the policy does not impose any obligation on the part of NY Marine to conduct an audit of the actual project cost upon cancellation of the policy. In that regard, the provision upon which they rely is only triggered upon the expiration of the policy, and not upon cancellation by an insured or its premium finance company.

The GNP defendants' remaining contentions are without merit. Accordingly, the order must be reversed insofar as appealed from, and NY Marine's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it granted. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.